THE CHEMUNG CANAL BANK, Respondent, *v.* BENJAMIN N. PAYNE et al., Defendants.

HARRIET LAND et al., Appellants.

MORTGAGE COVERING REAL AND PERSONAL ESTATE — EFFECT OF DELAY IN FILING AS CHATTEL MORTGAGE ON ITS VALIDITY AS REAL ESTATE MORTGAGE. The technical or statutory invalidity as a chattel mortgage as against creditors of the mortgagor, of a mortgage covering both real and personal estate due to the delay in filing it as a chattel mortgage, does not affect its validity as a real estate mortgage, where there was no actual fraud attaching to the mortgage in either branch of it, but it was given in good faith for an honest and ample consideration and with no intent to injure, delay or defraud other creditors of the mortgagor.

*Chemung Canal Bank* v. *Payne*, 22 App. Div. 353, affirmed.

(Argued June 21, 1900; decided October 2, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 15, 1897, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. J. Baldwin* for Harriet Land et al., appellants. The mortgage foreclosed in this action was fraudulent and void because there was no actual and continued change of possession and the mortgage was not filed. (2 R. S. 136, § 5; L. 1833, ch. 279, § 1; Thomas on Chat. Mort. 222, § 325; *Karst* v. *Gane*, 136 N. Y. 316; *L. I. & S. Co.* v. *Payne*, 13 App. Div. 11.) The mortgage sought to be foreclosed was and is fraudulent and void against these appellants who were creditors of said firm of B. W. Payne & Sons, because it was executed and delivered with intent to hinder, delay and defraud creditors including these appellants. (2 R. S. 137, § 1; *Bonnell* v. *Griswold*, 89 N. Y. 122; *Redfield* v. *Redfield*, 110 N. Y. 673; *Israel* v. *M. Ry. Co.*, 158 N. Y. 623; *Parsons* v. *Parker*, 159 N. Y. 16; *Potts* v. *Hart*, 99 N. Y. 172; *Gris-*

*wold* v. *Sheldon*, 4 N. Y. 580; *Dodd* v. *Johnson*, 3 T. & C. 215; *Edgell* v. *Hart*, 9 N. Y. 216; *Reynolds* v. *Ellis*, 103 N. Y. 124; *Stoddard* v. *Benner*, 72 N. Y. 424.) The mortgage which is the subject of this action, if void in part, because executed, delivered and received with fraudulent intent, would be void *in toto*. (*Mackie* v. *Cairns*, 5 Cow. 547; *Hyslop* v. *Clarke*, 14 Johns. 458; *Grover* v. *Wakeman*, 11 Wend. 189; *Mittnacht* v. *Kelly*, 3 Keyes, 407; *Matter of Burrows*, 5 Wkly. Dig. 137; *Curtiss* v. *Leavitt*, 15 N. Y. 123; *Russell* v. *Winne*, 37 N. Y. 591; *Dodd* v. *Johnson*, 3 T. & C. 215; *Weed* v. *Hawes*, 10 Conn. 54; 3 Wait's Act. & Def. 470; *Roberts* v. *Vietor*, 130 N. Y. 585.) There is no distinction to be made in this case between fraud in fact and fraud in law. (*Cunningham* v. *Freeborn*, 11 Wend. 241; *O. L. & Co. Bank* v. *Tallcott*, 19 N. Y. 146; *Southard* v. *Benner*, 72 N. Y. 424; *Coleman* v. *Burr*, 93 N. Y. 17.)

*F. B. Gill* for Syracuse Tube Company appellant. The mortgage in question was executed by the mortgagors and received by the mortgagee with the fraudulent intent in the mind of each of them to hinder, delay and defraud the creditors of the mortgagors. This fraudulent intent extended to the personal property conveyed by the mortgage and tainted the whole transaction, making the maxim "void in part void *in toto*," applicable. (*Collomb* v. *Caldwell*, 16 N. Y. 484; Abb. Tr. Ev. 738; *City Bank of Rochester* v. *Westbury*, 16 Hun, 458; Thomas on Chat. Mort. § 263; *Cook* v. *Bennett*, 60 Hun, 8; *Griswold* v. *Sheldon*, 4 N. Y. 581; *Southard* v. *Benner*, 72 N. Y. 424; *Potts* v. *Hart*, 99 N. Y. 168; *Ford* v. *Williams*, 24 N. Y. 359; *Brackett* v. *Harvey*, 91 N. Y. 214; *Mandeville* v. *Avery*, 124 N. Y. 376; *Edgell* v. *Hart*, 9 N. Y. 213.)

*Frederick Collin* for respondent. Appellants' contention that the mortgage foreclosed in this action was fraudulent and void because there was no actual and continued change of possession, and the mortgage was not filed, is not tenable. (*Karst* v.

*Gane,* 136 N. Y. 305 ; *Preston* v. *Southwick,* 115 N. Y. 140 ; *Stephens* v. *Perrine,* 143 N. Y. 476 ; 2 R. S. [9th ed.] 1887, §§ 1, 4 ; *Kain* v. *Larkin,* 131 N. Y. 300 ; *Davis* v. *Schwartz,* 155 U. S. 631, 645 ; *Roberts & Co.* v. *Buckley,* 145 N. Y. 215 ; *Tremain* v. *Mortimer,* 128 N. Y. 1 ; *Sayre* v. *Hughes,* 32 N. J. Eq. 652 ; *N. C. Nat. Bank* v. *Lord,* 33 Hun, 557 ; *Southard* v. *Benner,* 72 N. Y. 424.) Appellants' contention that the mortgage sought to be foreclosed was fraudulent and void as against these appellants who were creditors of said firm of B. W. Payne & Sons, because it was executed and delivered with intent to hinder, delay and defraud creditors, is not tenable. (*Billings* v. *Russell,* 101 N. Y. 226 ; *Davis* v. *Schwartz,* 155 U. S. 631 ; *F. Nat. Bank* v. *Miller,* 163 N. Y. 164 ; *Brown* v. *Crabb,* 156 N. Y. 447 ; *Crim* v. *Starkweather,* 136 N. Y. 633 ; *White* v. *Benjamin,* 150 N. Y. 258 ; *Holden* v. *Burnham,* 63 N. Y. 74 ; *N. S. Bank* v. *Wheeler,* 40 App. Div. 563 ; *Roberts & Co.* v. *Buckley,* 145 N. Y. 215 ; *Sherman* v. *Foster,* 158 N. Y. 587.)

WERNER, J. This action was brought to foreclose a mortgage dated Sept. 3, 1896, executed by Benjamin N. Payne, David W. Payne, Sarah R. Payne, Esther A. R. Payne and Mary L. Payne to the plaintiff.

Said mortgagors, with the exception of Esther A. R. Payne, who was the wife of Benjamin N. Payne, were members of the firm of B. W. Payne & Sons. The mortgage covered both real and personal estate. It was not filed as a chattel mortgage, or recorded as a real estate mortgage, until Sept. 30, 1896, and in the interim the mortgagors remained in possession of all the property, except such personal property as was disposed of in the ordinary course of business.

It is conceded by all the parties to the action that, as there was no immediate and continued change of possession of the mortgaged personal property, the failure to promptly file this instrument as a chattel mortgage rendered it invalid as such against the creditors of the mortgagors.

The plaintiff asserts no rights under said instrument, so far

as it purports to be a mortgage of personal property, and merely seeks to enforce it as a lien upon the real estate described in the complaint. The appellants, as judgment creditors of the mortgagors, attack the instrument as a whole, under the claim that since it is invalid as a chattel mortgage it is void *in toto*. This contention would undoubtedly be sound if the alleged invalidity of the instrument as a chattel mortgage were based upon actual, as distinguished from presumptive, fraud. But this is not the case presented by the evidence and the findings of the trial court. The record discloses, and the court has found, that the mortgage was given in good faith, for an honest and ample consideration, and with no intent to hinder, delay or defraud other creditors of the mortgagors. Therefore, the only question before us is whether the purely technical or statutory invalidity of this instrument as a chattel mortgage affects its validity as a mortgage upon real estate.

It will be observed that under the statute relating to the filing of chattel mortgages such an instrument may be void without being tainted with any inherent vice. It is declared to be void simply because it is not filed. On the other hand, a chattel mortgage, though filed in strict compliance with the statute, may be actually fraudulent and, therefore, void. This seems to be the distinction upon which the decision of the court below is based. The failure to file the instrument, coupled with the mortgagors' neglect to take and keep possession of the mortgaged personal property, rendered it presumptively void as a chattel mortgage. But it was recorded as a mortgage of real estate before the appellants recovered their judgments against the mortgagors, and under the statute applicable to the latter class of instruments it was valid as a real estate mortgage. The instrument being dual in character, and governed by different statutory regulations affecting its validity as against creditors of the mortgagors, its several parts are separable unless the whole instrument is tainted by some actual fraud. This legal principle is illustrated in *Curtis v. Leavitt* (15 N. Y. 96) in the following language: " A doc-

trine which is expressed in the words *void in part, void in toto,* has often found its way into the books and judicial opinions as descriptive of the effect which a statute may have upon deeds and other instruments which have in them some forbidden vice. There is, however, no such general principle of law as the maxim would seem to indicate. On the contrary, the general rule is, that if the good be mixed with the bad, it shall, nevertheless, stand, provided a separation can be made. The exceptions are: *First.* Where a statute, by its express terms declares the whole deed or contract void on account of some provision which is unlawful; and, *second,* where there is an all-pervading vice, such as fraud, for example, which is condemned by the common law, and avoids all parts of the transaction because all are alike infected."

The cases of *Booth* v. *Kehoe* (71 N. Y. 341), and *Darling* v. *Rogers* (22 Wend. 483) are also precisely in point and uphold the same doctrine. There are other cases arising out of controversies over conflicting clauses of wills, some of which are valid and others invalid, where this principle has been applied, of which the following are examples: *Savage* v. *Burnham* (17 N. Y. 576); *Post* v. *Hover* (33 N. Y. 595); *Oxley* v. *Lane* (35 N. Y. 340); *Locke* v. *Farmers' Loan and Trust Co.* (140 N. Y. 143), and *Cross* v. *U. S. Trust Co.* (131 N. Y. 330).

It is perfectly clear, therefore, that an instrument like the one under consideration may be void in part, because declared so by some positive statute, and yet be valid in its other parts, which are governed by different principles of law or other statutory regulations. It is, however, contended by the appellants that this instrument is not merely void, but that it is also fraudulent, and that, as this vice taints this whole instrument, it is invalid as against them.

This argument would be unanswerable if it were sustained by the facts of the case or the conclusions of the trial court. It has the support of neither. That the mortgage was given to secure a *bona fide* debt is conceded. That the plaintiff was actuated by no fraudulent purpose in taking the mortgage is

expressly decided by the trial court in the following words: "Both the mortgagor and the mortgagees regarded the firm as solvent at the time of the giving of the mortgage, and the purpose of the parties to the mortgage was honest and the mortgage given in good faith, and not with intent to hinder, delay or defraud creditors, and did not in fact have that effect, either as to any of the defendants, or, so far as the evidence shows, as to any creditor of the firm, and none of the defendants were prejudiced by the failure to record or file the mortgage." This conclusion is supported by the evidence. It is true that in the "short decision" rendered by the court, as inadvertently misquoted in appellants' brief, it is made to appear that there was a distinct understanding between the parties that the mortgagors should retain the right to sell the mortgaged personal property and to carry on the business of the mortgagors as it had been theretofore carried on, so long as plaintiff was satisfied with the arrangement. But, according to the printed record, the court made no such finding. It simply found that such was the understanding of the mortgagors. This finding, when read in the light of the whole decision, other parts of which have already been quoted, imports no agreement which taints the transaction with actual fraud.

We think the instrument is valid as a real estate mortgage, and, as there are no exceptions to rulings which require reversal, the judgment of the court below should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN and CULLEN, JJ., concur; LANDON, J., not sitting.

Judgment affirmed.