### In re GERSTMAN et al. (three cases).

#### (Circuit Court of Appeals, Second Circuit. November 7, 1907.)

#### Nos. 22–24.

1. BANKRUPTCY—LIENS—AVOIDANCE FOR FRAUD.
    Liens taken on the property of a bankrupt, not fraudulent in themselves, *held* not void for fraud because of subsequent false or misleading statements made by the creditor to another creditor, where they induced no action by such creditor or others to their injury.

2. SAME—NONFILED CHATTEL MORTGAGE—NEW YORK STATUTE.
    Section 90 of the New York lien law (Laws 1897, p. 536, c. 418), which provides that every chattel not accompanied by an immediate delivery of the property and retention by the mortgagee is "absolutely void as against the creditors of the mortgagor" unless the mortgage is filed as therein re-

quired, as construed by the highest court of the state, renders a nonfiled mortgage void as against general creditors, although they cannot attack it until in a position to seize the mortgaged property by virtue of a judgment, attachment, or otherwise. *Held,* that under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], which vests a trustee with title to all the bankrupt's property "which might have been levied on and sold under judicial process against him," a trustee may, on behalf of general creditors, attack the validity of a nonfiled mortgage.

In Error to the District Court of the United States for the Southern District of New York.

Ritch, Woodford, Bovee & Butcher, for plaintiff in error.

A. H. Skillin and Leo Levy, for defendants in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. Three petitions to revise orders of the District Court arising out of similar facts are consolidated herein. Three loans were made to the firm of Gerstman & Bandman as follows: One by the president of the Metropolitan Bank on his own account, in two installments, July 26 and 27, 1905, and two by the bank on July 31st and August 9th, respectively. In each instance the loans were made, not by the lenders directly, but through third parties, as dummies, to whom the borrowers executed bills of sale of jewelry as collateral security and actually delivered the jewelry. Jewelry securing the loan of July 26th and 27th was redelivered by the borrowers August 21st and December 12th. Jewelry securing the loan of July 31st was redelivered August 21st and December 12th and 21st, and securing the loan of August 9th was redelivered the same day. In each case the borrower signed trust receipts, admitting that the title to the jewelry was in the lender, agreeing to return it to him upon demand, and, if sold, to pay over the proceeds to him. The bills of sale have never been filed as required by the lien law of the state of New York. There are no judgments against the bankrupts. The petitioners made a formal demand upon the trustee of the bankrupts to deliver to them the jewelry which had come into his possession covered by the trust receipts, which he refused.

We see no evidence of fraud in the transactions stated above. But it appears that, after the bank had by means of these loans reduced its unsecured indebtedness to $3,065.80, its officers stated to one of the creditors of Gerstman & Bandman that this was the amount of the indebtedness to it, thus suppressing the indebtedness for the loans made through the dummies. This statement was made to aid the bankrupts in getting an extension from their creditors, which never was given. Even if fraudulently made for the purpose of bringing about the extension, we do not think it tainted the previous transaction. Section 90 of the lien law (Laws 1897, p. 536, c. 418) reads:

"Every mortgage or conveyance intended to operate as a mortgage of goods or chattels * * * which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor * * * unless the mortgage, or a true copy thereof, is filed as directed in this article."

The bills of sale in question were evidently "conveyances intended to operate as a mortgage of goods and chattels," and, though immediate delivery of the jewelry was made, it was not followed by an actual and continued change of possession. For this reason the mortgages were fraudulent in law and "absolutely void as against creditors of the mortgagor."

This court, in Re Economical Printing Company, 110 Fed. 514, 517, 49 C. C. A. 133, held that a nonfiled mortgage was void only as to creditors who by judgment or attachment or otherwise had seized or were in a position to seize the mortgaged property. Since that decision, however, the Court of Appeals of the state of New York has held that a nonfiled mortgage is void as to general creditors, although it cannot be attacked until they are in a position to seize the mortgaged property by virtue of a judgment, attachment, or otherwise. This, however, is a mere matter of procedure, and the mortgage is none the less void as to them. Cullen, C. J., says in that case:

"As appears by the opinion the result was reached on the assumption that by the law of the state of New York a nonfiled chattel mortgage was void only as to judgment creditors obtaining a lien, not as to general creditors. We think the very eminent judge who wrote in the above case misconceived the law of the state in this respect. If it were a federal question, we would follow the decision, regardless of our own opinion; but, as the question is as to the law of this state, we must adhere to the prior decisions of this court." Skilton v. Codington, 185 N. Y. 80, 88, 77 N. E. 790, 792, 113 Am. St. Rep. 885.

As we are bound to follow the construction of the state law adopted by the highest court of the state, the case of the Economical Printing Company must be held to have gone too far in deciding that a nonfiled mortgage is valid as to general creditors.

Regarding the mortgage as void, though not subject to attack, because there were no judgments against the bankrupts at the time of the adjudication, the question is whether the trustee is in a position to attack it. We think he is. The bankrupt law of 1898 provides (Act July 1, 1898, c. 541, §§ 67a, 67d, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]):

"(a) Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

"(d) Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice shall not be affected by this act."

Also (Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]):

"The trustee of the estate of a bankrupt upon his appointment or qualification * * * shall be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt except in so far as it is to property which is exempt to all. * * * (5) Property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. * * *"

These provisions of the bankrupt act in our judgment fully authorize the trustee, on behalf of the creditors, to attack the chattel mortgages; and, having successfully done so, the petitions are dismissed, and the orders of the District Court are affirmed, with costs.