In re WATTS-WOODWARD PRESS, Inc.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

No. 304.

CHATTEL MORTGAGES (§ 97*)—RENEWAL—REFILING—TIME.

Lien Law N. Y. (Laws 1897, c. 418) § 95, provides that a chattel mortgage, except as otherwise provided, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of a year from the first filing, unless within 30 days next preceding the expiration of the term a statement containing a description of the mortgage, names of the parties, the time when and place where filed, the interest of the mortgagee, etc., is filed. *Held* that, on the expiration of a year from the date of the original filing of a chattel mortgage, it becomes invalid, in the absence of the filing of the statement required, and cannot be resuscitated by filing a statement some 5 months thereafter.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 97.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York, in Bankruptcy.

In the matter of the Watts-Woodward Press, Incorporated, bankrupt. An order confirming the report of a special master, finding that a chattel mortgage, executed by the bankrupt to one Sjostrom and assigned to Josephine Watts, was invalid for delay in refiling, was made by the District Judge. R. N. Asterley files a petition to revise. Affirmed.

F. X. Sullivan, for Josephine Watts.
Frank M. Patterson, for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. January 4, 1908, the Watts-Woodward Press executed a mortgage on certain type, presses, motors, composing tables, furniture, and fixtures on its premises, 22 Thames street, to secure the payment of $5,000 to one Sjostrom. June 16th Sjostrom, who never had any interest in the matter, assigned the mortgage to Josephine Watts, the actual lender. June 20th the original mortgage was filed in the register's office. November 22, 1909, the assignment to Josephine Watts was filed, and the original mortgage, with a statement that the debt was still due, refiled in the register's office. November 24th the original mortgage was foreclosed, and the chattels cover-

ed by it sold for $500 to one Asterley. November 29th a petition in bankruptcy was filed and a receiver appointed. December 4th the Watts-Woodward Press was adjudicated a bankrupt.

The property sold under the mortgage remaining on the premises, without any change of possession whatever, the receiver took possession of and sold it for something over $9,000. The special master held that the chattel mortgage was void for delay in refiling, and his report was confirmed by the District Judge. Asterley, who bid for Sjostrom, and who had himself no interest whatever, and who paid nothing on account of the bid, claims title to the mortgaged chattels. Josephine Watts, on the other hand, claims that the sale to Asterley was void, and that the assignee of the original mortgage has a lien upon the proceeds of the receiver's sale in his hands.

The lien law (Laws 1897, c. 418) as to the refiling of chattel mortgages reads:

"Sec. 95. A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless, (1) within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage, the name of the parties, the time when and place where filed, the interest of the mortgagee or of any person who has succeeded to his interest in the property claimed by virtue thereof. * * *"

We think the mortgage, at the expiration of one year from the date of its original filing, became invalid, and that the refiling some five months after was utterly ineffective for any purpose. Judge Peckham said in the case of Porter v. Parmley, 52 N. Y. 185, at page 188:

"The statute is express that the 'mortgage shall cease to be valid' at the expiration of one year from its filing 'as against creditors' of the mortgagor, if not refiled as directed. Laws 1833, p. 403, § 3. The mortgage thus and thereby as against such creditors becomes absolutely void. Ely v. Carnley, 19 N. Y. 496."

Judge Folger said, in the case of Marsden v. Cornell, 62 N. Y. 215, at page 218:

"But he chose in 1870 to avail himself of the provision of the statute which for one year kept his mortgage good for him. He thus brought it under the purview and operation of the statute—within its grasp, so to speak. It then became as if the statute was passed for it alone, and applied to it alone, of all the chattel mortgages in the state. Then the third section of the statute of 1864 said of it, as if of it alone: This mortgage shall cease to be valid as against subsequent purchasers in good faith, after the expiration of one year from the 22d September, 1870, unless within 30 days next preceding that expiration the plaintiff shall file it again, and unless he shall file therewith a statement of his interest in the property. This he did not, and lost the benefit of his security, if any bona fide purchaser came in."

See, also, Herder v. Walther (Com. Pl.) 9 N. Y. Supp. 926.

The language of the statute is perfectly explicit, and under it, unless the mortgage in question were continued within 30 days next preceding June 20, 1909, the expiration of one year from its original filing, it became invalid as against the bankrupt's creditors. It was as if it had never existed. No discrimination is made between creditors founded upon notice or upon the time credit was given, as is made

in case of subsequent purchasers or mortgagees. The trustee in bankruptcy was fully qualified to attack the mortgage. Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885, and our own decision in Re Gerstman, 157 Fed. 549, 85 C. C. A. 211.

Order affirmed.