SENFT v. LEWIS et al.

(Circuit Court of Appeals, Second Circuit.   January 9, 1917.)

No. 127.

1. BANKRUPTCY ⊛188(1)—CLAIMS—CHATTEL MORTGAGE—STATEMENT OF INTEREST.

Under the provision of the Bankruptcy Act, giving the trustee the rights of a creditor with an unsatisfied execution, and of Lien Law N. Y. (Consol. Laws, c. 33) § 235, making a chattel mortgage invalid against the creditors of the mortgagor after the expiration of one year, unless a statement of the interest of the mortgagee or his successor is filed, the rights of a chattel mortgagee against the trustee in bankruptcy are limited to the amount of his interest so stated, though that is less than the amount actually due under the mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286–289, 291, 293, 294; Dec. Dig. ⊛188(1).]

2. BANKRUPTCY ⊛303(1)—RECOVERY OF PROPERTY—FRAUDULENT CONVEYANCE—INSOLVENCY.

In an action by the trustee under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 (Comp. St. 1913, § 9651), to recover property conveyed by the bankrupt in fraud of his creditors, proof of the insolvency of the bankrupt at the time of the conveyance is not necessary, if the fraudulent intent of the bankrupt and the lack of good faith of the transferee is sufficiently shown, though proof of such insolvency is usual, and often necessary, to establish fraud.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458, 459; Dec. Dig. ⊛303(1).]

3. BANKRUPTCY ⊛188(1)—CLAIMS—CHATTEL MORTGAGE—INTEREST.

Where a chattel mortgagee at the expiration of one year filed a statement that his interest in the mortgage was a certain amount, with inter-

est, and there was no proof that any interest had been paid, he is entitled to the interest on the amount of principal claimed from the date of the mortgage, as against the trustee in bankruptcy of the mortgagor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286–289, 291, 293, 294; Dec. Dig. ☞188(1).]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by David Senft, as trustee in bankruptcy of Joseph White, against Burt G. Lewis and another, to set aside a conveyance by the bankrupt to the defendants. Decree for plaintiff, and defendants appeal. Decree modified and affirmed.

Vincent P. Donihee, of New York City, Henry M. Cummings, of Coney Island, N. Y., and Robert E. Moffett, of Brooklyn, N. Y., for appellants.

L. & M. Blumberg, of Brooklyn, N. Y. (Leopold Blumberg, of Brooklyn, N. Y., of counsel), for appellee.

Before WARD, ROGERS and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. The questions presented by the assignments of error render unnecessary any full statement of the facts. White conducted a hotel at Coney Island, the premises being leased to him. Lewis held a chattel mortgage upon (apparently) the contents of the hotel, which he assigned to the Ulmer Brewery. The validity of this mortgage is not attacked; but when it became necessary to file a statement exhibiting the interest of the mortgagee or his assignee, in order to continue the lien, the Ulmer Brewery, as assignee, stated of record that the amount due was "$1,500 and interest."

After the assignment of mortgage to the Brewery, and within four months of petition in bankruptcy filed against White, he transferred to Lewis the hotel and its contents. Thereafter the Brewery foreclosed the mortgage, and $2,800 was realized at the foreclosure sale. Thereupon the trustee of White brought this suit, alleging that the transfer to Lewis by White was in fraud of creditors within section 67e of the Bankruptcy Act, and demanding from the Ulmer Brewery so much of the amount received at the foreclosure as exceeded $1,500. The lower court so decreed.

The record is barren of evidence tending to show that there was anything of value conveyed from White to Lewis, except the mortgaged chattels; we therefore have to deal with them alone and their proceeds.

[1] The errors insisted on are: (1) That the statement to continue mortgage above mentioned was erroneous; the amount really due on the mortgage was much more than $1,500; that as between the parties the original mortgage remained valid and enforceable; wherefore the erroneous statement for continuation may be disregarded, as the trustee in bankruptcy merely stands in White's shoes.

This argument overlooks both the language of the state statute and the Bankruptcy Act. By the Lien Law of this state (Laws 1909, c. 38 [Consol. Laws, c. 33] § 235) every chattel mortgage is invalid "as against creditors of the mortgagor" under the circumstances here ex-

isting, unless a statement "showing the interest" (e. g.) of the Ulmer Brewery therein is filed. Creditors are entitled to depend absolutely upon this recorded statement, with a possible exception of clerical errors obvious to any person of ordinary intelligence. No such exception is possible here; the Brewery would have no rights at all, were it not for the filed statement, and by that document, prepared by its own agents, its rights must be measured. The trustee does, to be sure, stand in the bankrupt's shoes; but, for the purposes of suits such as this, he has by the statute all the rights of a creditor with an unsatisfied execution. It follows that the mortgage was valid as against the creditors represented by the trustee for $1,500 only of principal.

[2] 2. It is urged for error that plaintiff did not show that White was insolvent when he conveyed to Lewis. It is true that the proof on this head is insufficient; but the action is to set aside a conveyance in fraud of creditors, made within four months of petition filed. The portion of section 67e conferring such right of action does not require proof of insolvency, as is the case with suits to recover voidable preferences, or to invalidate transfers held null by the laws of a state. We set forth the requirements of a suit such as this in Van Iderstine v. National Discount Co., 174 Fed. at page 521, 98 C. C. A. 300; proof of insolvency at time of transfer is not necessary; proof of fraudulent intent on the part of the bankrupt and lack of good faith in the transferee suffice. On these points the court below found against defendants, and we think on sufficient evidence.

It is usual and often necessary, to prove insolvency in order to establish fraudulent purpose; but when, as in this instance, such purpose can be proved otherwise, insolvency is not a prerequisite to suit. The gist of action is fraud. See Richardson v. Shaw, 209 U. S. at page 380, 28 Sup. Ct. 512, 52 L. Ed. 835, 14 Ann. Cas. 981.

[3] 3. The Brewery complains that it was not allowed interest upon the admitted principal of its mortgage. We find no reason for this refusal. The statement filed declared $1,500 "and interest" to be secured. The evidence reveals no interest paid either by White or Lewis. The Brewery, as holder of the notes secured by mortgage, is entitled to interest at 6 per cent. on $1,500 from date of notes and mortgage; i. e., September 24, 1909, to date of foreclosure sale, March 29, 1911.

Let the decree below be modified, by the allowance of such interest, and, as modified, affirmed, without costs of this court.