## In re LESLIE–JUDGE CO.*

### Petition of GREEN.

(Circuit Court of Appeals, Second Circuit. April 19, 1921.)

### No. 256.

1. **Chattel mortgages ⬤═85—New York law does not cover mortgages of intangibles.**
   The New York law regulating chattel mortgages, as respects recording, etc., applies, not to personal property generally, but to chattels.

2. **Chattel mortgages ⬤═97, 197(1)—Delay in refiling invalidates as to creditors, subsequent as well as prior to refiling.**
   The failure to refile a chattel mortgage during one year, as required by the New York statute, invalidates the mortgage as to all creditors, both those whose claims accrued after, as well as before, the refiling.

3. **Copyrights ⬤═41, 42—Can be mortgaged only under federal law.**
   Copyrights can be mortgaged only under the federal Copyright Law.

4. **Chattel mortgages ⬤═188(1)—Provision authorizing sale of mortgaged property invalidates as against creditors.**
   A provision in a mortgage covering chattels and the good will and trade-marks, authorizing the company to sell the mortgaged property which it no longer needed in its business, except the trade-marks and copyrights, made the mortgage fraudulent as a matter of law, and void in toto as to creditors.

5. **Good will ⬤═5—Trade-marks and trade-names ⬤═33—Good will and trade-marks cannot be mortgaged, separate from the business and franchise.**
   Since the good will and trade-marks of a company are property which cannot be owned in gross, and therefore cannot be sold apart from the franchise and business of the company, a chattel mortgage

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 255 U. S. ——, 41 Sup. Ct. 625, 65 L. Ed. ——.

(272 F.)

covering the good will and trade-marks, but not the franchise and business, of the corporation, is invalid.

6. **Bankruptcy ☞262(3)—Court has discretion to sell mortgaged property free of the mortgage.**
It is within the discretion of the District Court to order the property of the bankrupt sold free of the mortgage covering it.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Leslie-Judge Company, bankrupt. Petition by William Green to revise an order of the District Court directing property of the bankrupt to be sold free of the lien of a mortgage. Order affirmed.

Francis M. Scott, of New York City, for petitioner.

Saul S. Myers, of New York City (Selden Bacon, of New York City, of counsel), for receiver.

Kellogg, Emery & Cuthell, of New York City, for Doubleday, Page & Co. and Review of Reviews Co.

George E. Nelson, of New York City, for West Virginia Pulp & Paper Co.

Henry Siegrist, of New York City (Dean Emery, Frederic R. Kellogg, and George E. Nelson, all of New York City, of counsel), for Charles Schweinler Press.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of Judge Manton, sitting in the District Court for the Southern District of New York, directing that the property of the bankrupt be sold free of the lien of a mortgage dated August 1, 1909, to the Title Guarantee & Trust Company, as trustee, to secure an authorized issue of the company's bonds to the amount of $700,000, most of which the petitioner-appellant, Green, owns.

As the business of the company, now being conducted by the receiver, is in a so to speak perishable condition, all parties request us to pass upon the validity of the mortgage, which Judge Manton declined to do. This being plainly for the benefit of all concerned, we shall proceed to do so. The property covered by the mortgage is described as follows:

"All goods and chattels wherever situated, including plant, machinery, equipment, supplies of all kinds, furniture, and all personal and other property, property rights, good will, copyrights, trade-marks, and choses in action of every kind whatsoever, as now owned or which may hereafter be acquired or owned by the company, and also all the estate, right, title, interest, property, possession, income, and demand whatsoever, as well in law as in equity of the company, to have and to hold the same and every part thereof."

[1, 2] The New York law (Laws 1833, c. 279) regulating chattel mortgages applies, not to personal property generally, but to chattels. Booth v. Kehoe, 71 N. Y. 341; Niles v. Mathusa, 162 N. Y. 546, 57 N. E. 184. This mortgage, therefore, does not as a chattel mortgage cover the only property in dispute here, viz. copyrights, good will, and

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trade-marks. Moreover, there was a failure to refile the mortgage in the year 1913, as required by the statute, which made it invalid as to all creditors, both those whose claims accrued after as well as before a refiling, as we have heretofore held. In re Watts-Woodward Press Co., 181 Fed. 71, 104 C. C. A. 105; In re Schmidt, 181 Fed. 73, 104 C. C. A. 107.

[3] But it is contended that, even if the instrument in question be invalid as a chattel mortgage, it remains as a mortgage of intangibles, viz. copyrights, good will, and trade-marks. In Chemung Bank v. Payne, 164 N. Y. 252, 58 N. E. 101, greatly relied upon by the appellant, the mortgage covered real property and chattels, and was recorded both as a mortgage of real property and as a chattel mortgage. Though the instrument was held invalid as a chattel mortgage, the recorded mortgage was sustained as to real estate. But there is no statute of New York regulating the mortgaging of these intangibles, and copyrights may be at once excluded from consideration, because they can be mortgaged only under the federal copyright law (Comp. St. §§ 9517–9524, 9530, 9584).

[4] If we assume, in the absence of any statute, that the instrument was effective between the parties as a mortgage of good will and trade-marks, we think, on general principles of law, that it would not be good as against creditors in respect to the good will, because of the following provision:

"Until such default the company may sell any of the property hereby mortgaged, which it no longer needs for the purpose of its business, except trade-marks and copyrights. It may also, at all times, issue and sell any of its periodicals or publications of every kind whatsoever, and use the proceeds of such sales of property, periodicals, or publications for any corporate purpose."

This provision made the mortgage fraudulent as matter of law and void in toto as to creditors. Russell v. Winne, 37 N. Y. 591, 97 Am. Dec. 755; Skilton v. Codington, 185 N. Y. 80, 90, 77 N. E. 790, 113 Am. St. Rep. 885.

[5] But a further and conclusive reason for holding that the instrument does not cover the good will and trade-marks is that they are not property which can be owned in gross. They arise out of a particular business, and do not exist apart from that business. Bank v. Dispatch Co., 149 U. S. 446, 13 Sup. Ct. 944, 37 L. Ed. 799; Hopkins on Trade-Marks (2d Ed.) pp. 193 and 1921. As the mortgage in question does not pretend to cover the company's business and franchises, it confers no lien whatever upon the good will and trade-marks. If the company could not have sold its good will and trade-marks apart from its business, it evidently could not mortgage them.

[6] It was within the discretion of the court below to order the property to be sold free of the mortgage, and we discover no abuse of discretion. In re Franklin Brewing Co., 249 Fed. 333, 161 C. C. A. 341.

We hold that the mortgage is invalid, and affirm the decree of the court below.