## In re PACKARD PRESS, Inc.

## Appeal of CONNER, FENDLER & CO.

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 16.

**1. Bankruptcy ⬤⟾151—Trustee does not stand merely in bankrupt's shoes, but has right of judgment creditor, holding unsatisfied execution.**

Under Bankruptcy Act, § 47a, as amended in 1910 (Comp. St. § 9631), trustee in bankruptcy, as against liens, does not stand merely in bankrupt's shoes, but has all rights and powers of judgment creditor, holding execution duly returned unsatisfied.

**2. Bankruptcy ⬤⟾184(2)—Defective filing or failure to properly refile vitiates chattel mortgage in bankruptcy.**

Under Bankruptcy Act, § 47a, as amended in 1910 (Comp. St. § 9631), and Lien Law N. Y. § 235, defective filing or failure to properly refile chattel mortgage vitiates it in bankruptcy.

**3. Auctions and auctioneers ⬤⟾8—Successful bidder receives title on fall of hammer, and possession on payment.**

Successful bidder at auction sale receives title on fall of hammer, and possession on payment of bid, unless other terms have been announced.

**4. Chattel mortgages ⬤⟾262(1)—Rules as to auction sales do not apply literally to sales by chattel mortgagees in New York.**

Rules of auction sales do not apply literally to sales by chattel mortgagees in New York, where mortgagee has title after default, although out of possession, and object of mortgagees' sale is ordinarily to cut off equity of redemption.

**5. Bankruptcy ⬤⟾140(½)—Chattel mortgagee, purchasing under mortgage sale, but failing to pay bid, held not entitled to possession as against trustee in bankruptcy.**

Where renewal notice filed by chattel mortgagee under Lien Law, N. Y. § 235, erroneously stated mortgagee's interest to be $24.75, whereas his actual lien was $2,400.75, *held*, mortgagee, who purchased chattels for $950 at pub-

lic auction sale under mortgage, just before involuntary petition in bankruptcy was filed against mortgagor, and who failed to pay auctioneer amount of bid, was not, as against trustee in bankruptcy, entitled to possession.

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of the Packard Press, Inc. On petition of Conner, Fendler & Co. to revise, and appeal from, order that certain property be sold and proceeds held subject to final determination of bankruptcy court. Order affirmed.

In May, 1921, the bankrupt obtained from the petitioner certain machinery, with appurtenances, and secured the unpaid purchase money by giving a chattel mortgage upon said machinery, etc. This mortgage for the sum of $4,500 was duly recorded, and contained the provisions usual in New York City, to the effect that the mortgagee might at any time, should he deem the indebtedness mentioned, or the "security herein provided" therefor, unsafe, enter the place where the mortgaged goods were, take exclusive possession thereof, and sell them "at public or private sale without * * * notice of any kind"; further that at such sale the mortgagee might "purchase the whole or any part of said property," and the right of redemption on the part of the mortgagor was explicitly "waived and released." Partial payments were made upon the indebtedness secured by this mortgage, and it is said that in May, 1923, there was still due upon the indebtedness secured thereby the sum of $2,400.75.

On or shortly before the anniversary in 1923 of the giving of the original mortgage, a renewal notice under the New York statute was filed in the office of the register of New York county, purporting to state, inter alia, "the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue" of said mortgage. Lien Law (Consol. Laws, c. 33) § 235. This notice (it is assumed by clerical error) stated as the interest of the mortgagee (petitioner herein) and the amount still due on the mortgage the sum of $24.75 and no more.

On December 24, 1923, at about 10 a. m., an auctioneer employed by the petitioner went upon the bankrupt's premises, where the mortgaged chattels were situated, and sold them to the highest bidder, the petitioner herein, for the sum of $950. The auctioneer then executed, but apparently did not deliver, a bill of sale to the petitioner.

The latter certainly never paid the auctioneer any portion of the bid price. At a later hour on the same day an involuntary petition in bankruptcy was filed against Packard Press, and a receiver appointed. Adjudication duly followed.

The mortgaged chattels immediately passed into the physical possession of the receiver, upon whose petition the court below directed that the goods be sold and the proceeds held "subject to the final determination of" the bankruptcy court. To revise this order, petition was filed. It is admitted that a sale has been had, that the resulting money is in the court below, and that the receiver and/or trustee has repeatedly offered to pay to petitioner the amount stated in the renewal notice, $24.75, which offer has been refused.

Samuel Wasserman, of New York City (Meyer H. Lavenstein, of New York City, of counsel), for petitioner and appellant.

Zalkin & Cohen, of New York City (Lewis H. Saper, of New York City, of counsel), for estate in bankruptcy.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1, 2] It must be remembered, in dealing with matters of lien, or rights arising from liens, that the bankruptcy trustee does not stand merely in the bankrupt's shoes. Since the amendment of 1910 he has by statute all the rights and powers of a judgment creditor holding an execution duly returned unsatisfied. Section 47a (Comp. St. § 9631). Even before that amendment, defective filing of a chattel mortgage was usually held to vitiate it in bankruptcy. Remington, § 1373. In this circuit, and in respect of mortgages under the New York statute, that holding was flat (In re Gerstman, 157 F. 549, 85 C. C. A. 211) and failure to refile properly worked the same result (In re Watts-Woodward Press, 181 F. 71, 104 C. C. A. 105). Nor was there any conflict between the rule in bankruptcy, and that worked out in favor of creditors in the courts of the state. Ely v. Carnley, 19 N. Y. 496, is a striking instance; it being there held that an error in the filed copy of a chattel mortgage whereby the debt secured was overstated by $100, rendered the mortgage wholly void.

In Senft v. Lewis, 239 F. 116, 152 C. C. A. 158, the facts were quite like those at bar; i. e., there had been a mistaken understatement of the amount still due, inserted in the renewal certificate, and we held that

creditors (including, of course, the trustee as representing them) were entitled to depend absolutely on that recorded statement. It follows that on December 24, 1923, this petitioner might well have been a creditor of bankrupt for $2,400.75, but as against creditors he had a lien for no more than $24.75.

[3] Let it be assumed that under the form of this mortgage, and the New York chattel mortgage theory as stated in Peter Barrett Mfg. Co. v. Van Ronk, 212 N. Y. 90, 105 N. E. 811, petitioner had good right to sell in order to secure $24.75 and costs of sale, yet the sale was by auction, and it is fundamental that unless other terms are announced before hand, one who successfully bids at an auction receives title on the fall of the hammer, and possession when he pays the amount of his bid.

[4] It is quite true that these rules cannot apply literally to a sale by a mortgagee, who in New York has title after default, although out of possession (Van Ronk Case, supra); and the object usually sought by a mortgagee's sale is to cut off the equity of redemption (Bragelman v. Daue, 69 N. Y. 69).

[5] Considering that this bankrupt had explicitly waived redemption in this instance, the question arises why have a sale? Evidently to ascertain how much would be left unpaid on the mortgage, and the real question here presented is whether this sale extinguished this mortgage. As above indicated we hold that the mortgage as against creditors was paid, and the difference between $950 and $24.75, plus expense of sale, would have become a debt due by petitioner to the trustee, had petitioner become physically possessed of the mortgaged property.

But this was not done. The court's receiver peaceably took possession, and the final question put by the proceeding below is whether the petitioner should have had the machinery which it had bought at an auction sale without paying for it? The moment a bankruptcy petition was filed, a receiver or trustee became, as it were, the seller of the machinery, etc., in the sense that he would be entitled to whatever mortgagee had to account for. But mortgagee (petitioner) refused to account for anything, necessarily resting his denial on the assertion that his mortgage was valid for $2,400.75, and refusing to accept the trustee's tender.

Therefore in legal effect the trustee had the subject of sale,' and the purchaser at auction refused to pay or account for the $950 he had bid; therefore again by analogy to elementary rules of auction sales, the quasi seller (trustee or receiver) had a lien on the machinery for whatever petitioner mortgagee was liable for.

The facts rendered the order made eminently proper, and it is affirmed, with costs.