**THOLE v. DELMONICO GARAGE, Inc., et al.**

District Court, S. D. New York.

May 11, 1942.

Abraham K. Weber, of New York City, for plaintiff.

I. Arthur Rosenberg, of New York City, for defendants.

GODDARD, District Judge.

This is an action by a trustee in bankruptcy to recover the sum of $3,245.47 against both defendants, based upon the first three causes of action and also against

the defendant 235 East 56th Street Corporation for the additional sum of $1,285.45, based upon the fourth and fifth causes of action, making a total recovery sought of $4,530.72.

The complaint contains five causes of action. The first relates to an allegedly fraudulent transfer under the State law as a result of which the trustee seeks to recover pursuant to Section 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e; the second alleges a preferential transfer and seeks recovery pursuant to Section 60, subs. a and b, of the Bankruptcy Act, 11 U.S.C.A. § 96, subs. a, b, and Section 15 of New York Stock Corporation Law; and the third alleges a fraudulent transfer and seeks recovery pursuant to Section 67, sub. d(2), 67, sub. d(5), and 67, sub. d(6) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(2, 5, 6); also Section 276 of New York Debtor and Creditor Law. The fourth and fifth causes of action relate to two additional payments which are attacked as preferential transfers.

Findings of facts and conclusions of law are filed with this opinion.

This case falls squarely within the rule of Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991, where the United States Supreme Court held that under the law of New York, a transfer of property, as security for a debt, which reserves to the transferor the right to dispose of the property or to apply its proceeds for its own uses, is fraudulent and void as to creditors, and this rule applies to the assignment of present and future book accounts as well as the assignment of chattels, since the reservation of dominion by the assignor is inconsistent with the effective disposition of title and the creation of a lien.

By the very terms of the assignment of accounts, in the case at bar, the bankrupt was permitted to collect the accounts, as agent for the defendant landlord, and to use the amounts collected to pay its employees and all of its other operating expenses. It was further shown that monies collected by the bankrupt from the accounts receivable were mingled and mixed with monies received by it in regular course and operation of its business. The assertion of such unfettered dominion by the bankrupt to any part of the accounts taints the entire transfer and the agreement must be deemed fraudulent. In re Leslie-Judge Co., 2 Cir., 272 F. 886; Skilton v. Coddington, 185 N.Y. 80, 90, 91, 77 N.E. 790, 113 Am. St.Rep. 885; Benedict v. Ratner, 268 U.S. 353, 356, 361, 363, 45 S.Ct. 566, 69 L.Ed. 991.

In Benedict v. Ratner, 268 U.S. pages 360, 361, 45 S.Ct. page 568, 69 L.Ed. 991, supra, Mr. Justice Brandeis said:

"Under the law of New York a transfer of property as security which reserves to the transferor the right to dispose of the same, or to apply the proceeds thereof, for his own uses, is, as to creditors, fraudulent in law and void. This is true whether the right of disposition for the transferor's use be reserved in the instrument or by agreement in pais, oral or written; whether the right of disposition reserved be unlimited in time or be expressly terminable by the happening of an event; whether the transfer cover all the property of the debtor or only a part; whether the right of disposition extends to all the property transferred or only to a part thereof; and whether the instrument of transfer be recorded or not.

"* * * the arrangement for the unfettered use by the company of the proceeds of the accounts precluded the effective creation of a lien and rendered the original assignment fraudulent in law. Consequently the payments * * * and the delivery of the * * * list of accounts were inoperative to perfect a lien in him, and were unlawful preferences. On this ground, and also because the payment was fraudulent under the law of the State, the trustee was entitled to recover the amount."

Under the arrangement between the bankrupt and defendant landlord, if there was no money left after operating expenses were paid, the defendant landlord, the assignee, would receive nothing, since the assignment agreement provided that "All the rest, residue and remainder of the accounts collected should be remitted by the Tenant to the Landlord * * *".

The defendant landlord argues that since Welton, the landlord's agent, had to countersign all checks of the bankrupt before withdrawal, that constituted sufficient dominion over the accounts to remove the case from the rule of Benedict v. Ratner, supra. The difficulty with that argument is that Welton occupied a dual position. He was president of both defendants as

well as manager and fifty-one per cent owner of the bankrupt. Furthermore, it appears from the exhibits submitted upon the trial that from May, 1940, until March, 1941, approximately seventy per cent of all of the proceeds from the accounts receivable were used by the bankrupt for general business purposes with the knowledge and consent of defendant landlord.

Since the assignment is invalid, all payments and transfers made thereunder are invalid and void. Benedict v. Ratner, supra. The trustee is entitled to recover from defendants, Delmonico Garage, Inc., and 235 East 56th Street Corporation, payments made prior to the bankruptcy because they are preferential, since they were made within four months of the bankruptcy, at a time when the bankrupt was insolvent to the knowledge of the landlord, resulting in the landlord receiving a greater percentage of his debt than other creditors. Matter of Borok, 2 Cir., 50 F.2d 75; Bankruptcy Act, Section 60, subs. a, b, 11 U.S.C.A. § 96 subs. a, b. The trustee is entitled to recover from both defendants the payments made subsequent to the bankruptcy amounting in all to a total of $3,245.47, since the assignment was fraudulent in law and inoperative to create an effective lien or to transfer the property. The trustee is also entitled to recover from defendant, 235 East 56th Street Corporation, the sum of $1,285.45 as an unlawful preference within Section 60, subs. a, b of the Bankruptcy Act, 11 U.S.C.A. § 96, subs. a, b.

Judgment may be entered accordingly.