June Term,
1860.

NEWMAN VS. TYMESON.

NEWMAN
v.
TYMESON.

The intent of the provision in sec. 5, chap. 45, R. S. 1858, which relates to making, and annexing to a chattel mortgage on file in the town clerk's office, within thirty days before the expiration of one year from the time of its first filing, an affidavit by the mortgagee of his continued interest in the property mentioned therein, was that, in case of failure to file such affidavit, the mortgage should cease to be valid as against creditors who should *thereafter* seize the property, or purchasers who should *thereafter* purchase it. Such affidavit is not necessary to preserve, after the expiration of the year, the right of the mortgagee to maintain his action against a person who had seized the mortgaged property, in violation of his rights, before the year had expired.

APPEAL from the Circuit Court for *Kenosha* County.

The nature of this action is stated in the opinion of the court. The defendant justified the taking of the property as sheriff, by virtue of a writ of attachment issued at the suit of one Reed, against the property of Joseph Newman, who had previously executed to the plaintiff in this suit, the chattel mortgage, under which he claimed the property. At the time of the alleged taking of the goods, the mortgage debt was not due, but the mortgage contained a clause authorizing the mortgagee to take possession of the property at any time he chose, before or after the debt should become due. The court having excluded the mortgage, when offered in evidence on the trial, judgment of nonsuit was entered.

*J. J. Pettit*, for appellant, contended, that the right of action, having been perfect at the time the suit was commenced, could be defeated only by a release or satisfaction, (*Allaire vs. Whitney*, 1 Hill, 488 ; *Sweet vs. Palmer*, 16 John., 182 ; *Bowman vs. Teall*, 23 Wend., 306 ; *Hanmer vs. Wilsey*, 17 id., 93) ; that as the mortgagee had a right, by express stipulation in the mortgage, for the purpose of obtaining payment of his debt, to the possession of the goods, whosoever detained the goods from him before such payment was a trespasser, (*Cotton vs. Watkins*, 5 Wis., 634; *Conkey vs. Hart*, 14 N. Y., 22 ; *Russell vs. Butterfield*, 21 Wend., 300) ; and that a year from the time of filing the mortgage not having elapsed at the time of the taking, no fault or want of diligence had happened on the part of the mortgagee, and the taking was in violation of his rights. 3 Wis., 277 ; *Meech vs. Patchin*, 24 N. Y. R., 72–74.

*O. S. & F. H. Head*, for respondent, contended, that as no affidavit was filed by the mortgagee within thirty days before the expiration of one year from the filing of the mortgage, of his continued interest therein, the mortgage then ceased to be valid as against the defendant, who stands, in this respect, in the position of a creditor, and being void, could not be used as evidence of title; also, that as there was no proof that the mortgage was filed in the town where the property was, or in the town where the mortgagor resided, and as possession was not delivered to the mortgagee, the mortgage was invalid as to the parties. *Cotton vs. Marsh*, 3 Wis., 221 ; R. S. 1858, p. 380.

*By the Court*, PAINE, J. This was an action to recover the possession of personal property or its value. The plaintiff claimed under a chattel mortgage executed on the 30th of September, 1858, and duly filed in the proper town clerk's office on the same day. The alleged wrongful taking was on the first day of October thereafter, and this suit was begun on the 7th of the same month. Issue was regularly joined, but the trial was had more than a year after the date and filing of the mortgage. On the trial the plaintiff offered the mortgage in evidence, and it was objected to for the reason that no affidavit had been filed to renew it, as required by sec. 5, chap. 45, R. S. 1858. The court excluded the evidence for that reason.

We think this was erroneous. The section referred to provides that a chattel mortgage, after being properly filed, shall cease to be valid as against the creditors of the mortgagor, or subsequent purchasers or mortgagees in good faith, unless within thirty days next preceding the expiration of the year, the mortgagee shall make and annex to it an affidavit setting forth his interest, &c.

The clear intent of this provision was, that in case of failure to make the affidavit, the mortgage should cease to be valid as against creditors who should thereafter seize it or purchasers who should thereafter purchase ; not that such affidavit was necessary to continue the mortgagee's right of action against a creditor who had previously, and while the

*June Term, 1860.*

NEWMAN
v.
TYMESON.

October 15.

mortgage was in full force against him, seized it in such manner as to make him a trespasser. *Bates vs. Wilbur*, decided at the last term; *Meech vs. Patchin*, 14 N. Y., 72. The rights of the parties were fixed by the taking, and should have been determined as they were at the commencement of the suit.

The judgment is reversed, with costs, and a new trial awarded.