January Term, 1861.

CASE et al.
v.
JEWETT.

---

### CASE and another vs. JEWETT.
### SAME vs. CONROE.

If property, covered by a chattel mortgage properly filed, is so taken and converted within the year after the filing as to give the mortgagee a good cause of action for such taking, it is not necessary in order to preserve his right to recover, that the action should be commenced within the year from such filing, or that the mortgage should be renewed at the end of the year, as required by statute to make it valid against subsequent purchasers or mortgagees.

If a mortgagor in a chattel mortgage is employed by the mortgagees to file it, and he, at the time of filing it, for his own purposes and without their knowledge, requests the clerk to hide it at the bottom of the pile, so that it may not be seen, as he does not wish it known that he has given it, such request is not within the scope of his agency for the mortgagees, and does not prejudice their rights.

APPEALS from the Circuit Court for *Walworth* County.

These were actions for damages for the wrongful taking and conversion of chattels, which were in the possession of the plaintiffs at the time of such taking, and to which they claimed title. The cases are stated in the opinion of the court. Judgments for the defendants.

*Edson Kellogg*, for appellants.

*A. W. Farr*, for respondents.

April 10.    *By the Court*, PAINE, J. These two actions involve the same questions, and were tried together by stipulation.. The plaintiffs claim the property in question in both suits, under

a chattel mortgage executed to them by one Grannis, the original owner. The defendants claim under execution sales, upon judgments recovered against Grannis after the making and filing of the mortgage, the property having been seized and sold in each case within less than a year after such filing.

The court charged the jury that the plaintiffs could not recover unless they had "commenced their actions during the life of the mortgage, or had kept it alive by affidavit, as provided by the Revised Statutes." We have several times decided this the other way; and that if a party wrongfully takes property covered by a chattel mortgage then existing, so that the mortgagee has a right of action against him, it is not essential, in order to preserve such right of action, to renew the mortgage by affidavit at the end of the year from its filing. See *Newman vs. Tymeson*, decided at the last term [12 Wis., 448], and cases there cited.

One of the questions made on the trial was that of fraud in the mortgage. It appears from the evidence that the mortgagor got the chattel mortgage drawn at the town clerk's office, and filed it there. He requested the clerk to "place it at the bottom of the pile, so that nobody would see it," and said that "he did not want anybody to know he had given it." The court instructed the jury that "if they believed that the mortgagor, Grannis, acted as the agent of the plaintiffs in going to the witness Abell and getting the mortgage in question drawn and filed, then the plaintiffs would be bound by all the acts and declarations of said agent, relating to said mortgage, made at that time." We think this also was erroneous. It is undoubtedly true that they would in such case be bound by all the acts and declarations of the agent within the scope of his agency. But if the mortgagor, merely to subserve some fraudulent intention of his own, should, in addition to performing the business intrusted to him by the mortgagees, request the town clerk to hide the mortgage after it was filed, the mortgagees, not having authorized any such request and knowing nothing about such intention, certainly ought not to be prejudiced by that. Any such act on the part of the mortgagor would be entire-

January Term, 1861.

BEAL
v.
THE SUPERVISORS OF ST. CROIX CO.

ly beyond and outside of his agency. It would be a request in his own behalf, and not in behalf of the mortgagees.

Suppose a man, in good faith and without any notice of any fraudulent intent in the vendor, buys a horse, and then employs the vendor to take the horse to a stable to be kept, if the vendor should then request that the horse might be concealed to subserve his own fraudulent purposes, would the purchaser be bound by that? Would that be the same as though the vendee had requested such concealment to enable the vendor to defraud his creditors? Certainly not. Such request would not be within the scope of the vendor's agency, and the fact that he may make it at the same time he is fulfilling his agency, does not change its character so as to render it the act of his principal. If the mortgagees authorized any such request, it would perhaps be conclusive evidence that they knew of the fraudulent intent of the mortgagor. But if the latter made the request of his own motion, without their knowledge or consent, it was outside of the scope of his agency, and not binding upon them.

For these reasons the judgments are reversed, with costs, and a new trial awarded.