CHARLES A. MANNING *v.* PATRICK MONAGHAN and others.

A mortgagor of chattels, remaining in possession, before default, under a clause in the mortgage entitling him to do so, has an interest in the property, which is the subject of levy and sale on execution against him, or to seizure by a receiver appointed in proceedings supplementary to execution.

Although the interest which passes to the purchaser at such sale is only such an interest as the mortgagor had, yet the sheriff, and the parties promoting the sale, are not trespassers if the sale is in general terms, without any notice being taken of the existence of the mortgage.

In an action by the mortgagee, against a receiver appointed in supplementary proceedings, for seizing, selling and converting mortgaged chattels, the damages should be assessed as in an action on the case for an injury to the plaintiff's reversionary interest, by confining the damages to the loss he has sustained by the dispersion of the property among the several purchasers.

AFTER the new trial ordered in this case, upon a former appeal, (23 N. Y. Rep. 539,) the issue was again tried before Mr. Justice MONELL, in January, 1862, when the plaintiff recovered by the verdict of the jury $1368.06 damages. The action was brought against the present defendants and one Gosling for the seizing, selling and converting certain furniture, pictures, &c., which one Edward Schenck had mortgaged to the plaintiff, and which had been taken by the defendant Cavenagh as a receiver appointed in certain proceedings supplementary to execution, at the instance of the defendant Monaghan, who had recovered a judgment against Schenck, the mortgagor, after the date of the mortgage and before the time of credit mentioned in it had expired; and after the return of an execution unsatisfied, had instituted these proceedings. The mortgage was for $1070, and was dated October 5, 1854, and was conditioned for the payment of the above mentioned amount in twelve months from that date. It contained the following provisions: "And until default be made in the payment of the said sum of money, I [the mortgagor] am to remain and continue in the quiet and

peaceable possession of the said goods and chattels, and the full and free enjoyment of the same." A copy was filed in the clerk's office on the day of its date, but was never again filed." The property mortgaged consisted of a valuable rosewood piano, and expensive tables, chairs, pictures and ornaments, and constituting the parlor and dining room furniture of a well furnished house in New York. The goods were sold at auction under the direction of Cavenagh, the receiver, on the 21st of April, 1855, and the action was brought in January, 1856. The goods were sold in parcels to several purchasers, and Gosling was a buyer of several articles, amounting at the auction price to $261.75, and at the plaintiff's valuation, to $380. The plaintiff discontinued the suit, as against him, during the trial. It appeared that the defendants Moneghan and Cavanagh were aware of the existence of the plaintiff's mortgage and that the plaintiff knew of the sale, and that he and his counsel were present some part of the time during which it was going on, but did not give any notice to the bidders or claim that the sale should be made subject to it. The defendants did not mention the existence of the mortgage, but the property was sold without regard to it. It appeared that after the year's credit had expired, the plaintiff had made a written demand of Gosling of the portion of the furniture purchased by him, a list of which was appended to the writing. He also demanded the whole from the defendants. The defendants' counsel moved for a nonsuit, on many grounds not subsequently insisted on, and upon some which were made on the argument. Among these was the general position that the defendants were justified under the proceedings which had been taken under Monaghan's judgment, to sell the property as they had done. They also insisted that the presence of the plaintiff at the sale was evidence of his assent to it, and moreover that the lien of the plaintiff's mortgage was lost by his omission to refile it. The motion was denied. The defendants, after excepting, requested the judge to charge

the affirmative of a number of positions, and among them the following : "That the plaintiff could only recover for such damages as he could prove resulted to him by reason of the taking away, selling and scattering of the property, such as the expenses in traveling for and getting possession of the property, and the value of the same if not found." They also insisted that the defendants were entitled to be credited with the value of the property purchased by the defendant Gosling, as to whom the action had been discontinued. The judge declined to so charge, and the defendants excepted. He instructed the jury that the taking and selling the property by the defendants in the manner it was sold, was a violation of the plaintiff's rights for which he was entitled to recover. He charged that the measure of damages was the amount of the mortgage debt and interest, provided the property taken by the defendants was of that value ; but as it appeared that property included in the mortgage, of the value of $119, had not been taken by the defendants, that amount was to be deducted from the mortgage debt and from the recovery. The defendants' counsel excepted to the part of the charge which held that the action was sustainable, and to the rule of damages which the judge had laid down. The judgment on the verdict was affirmed at the general term, and the defendants thereupon brought this appeal.

*F. Byrne,* counsel *ex parte* for the appellants.

*W. Stanley* submitted points for the respondent.

Denio, Ch. J.   Certain positions respecting actions of this character are perfectly well established in this court, viz. (1.) That a mortgagor of chattels remaining in possession before default, under a clause entitling him to such position, like the one in this mortgage, has an interest in the property which is the subject of levy and sale on execution against such mortgagor. The seizure by the receiver was in

the nature of a levy on execution so far as this case is con-
cerned. (2.) That although the interest which passes to the
purchaser at such sale is only such an interest as the mort-
gagor had, yet that the sheriff and the parties promoting the
sale are not trespassers if the sale is in general terms, with-
out any notice being taken of the existence of the mortgage.
These points were involved in *Hull* v. *Carnley,* which was
twice before this court, and were settled upon good deliber-
ation. (1 Kern. 501; S. C. 17 N. Y. Rep. 202.) *Goulet* v.
*Asseler,* (22 N. Y. Rep. 225,) reaffirms the doctrine in *Hull*
v. *Carnley,* and applies it to a case precisely like the one
before us. The complaint in that case and the one we are
examining, seem to have been substantially identical. They
set out the mortgage as the foundation of the plaintiff's
title, and charge the defendants with the wrongful act of
seizing the goods and selling them, and appropriating the
proceeds to their own use. There is no mention made in this
complaint of the legal process which the defendants had, au-
thorizing them to take and sell the property, or any complaint
of an abuse of the process of law. The grievance is not any
malfeasance or misfeasance in the manner of the sale, but the
complaints, both in this case and in that of *Goulet* v. *Asseler,*
count on the seizure and sale as alone conferring the cause
of action. There is a good deal of other language in this
complaint, but nothing which qualifies that which I have
stated. The last mentioned case cited seems to me a precise
authority for reversing the judgment which we are reviewing.
It may be added that this case was tried by the learned judge
as though it was an action of trespass or trover. The de-
fendants' counsel, after his main position that the action
could not be sustained was overruled, sought to have the
damages assessed upon the footing of an action on the case
for an injury to the plaintiff's reversionary interest, by con-
fining the damages to the loss he had suffered by the disper-
sion of the property among the several purchasers; but the
judge refused to charge the jury to that effect, and finally

laid down the rule of damages precisely as though the plaintiff had a present right of possession, and the action had been trespass or trover for an immediate injury to that possession. In any view that can be taken of the case, this was an erroneous direction. If the action had been case, for an injury to the plaintiff's reversionary interest, which is, upon all the cases, the only action that could be maintained, the rule of damages indicated in the request would have been the true one. For this error in the charge I am of opinion that this judgment can not be sustained. I am of opinion that the exceptions based upon the supposed assent by the plaintiff to the sale and upon the omission to refile the mortgage, were not well taken.

It remains only to mention, that upon the former appeal in this case, the judgment was reversed solely because there had been a mistrial in the Superior Court, and that no other point was adjudged or attempted to be. This is explicitly stated in the report. Some of the judges were of opinion that where a sale on execution against a mortgagor (the instrument containing the provision found in the one before us) has been made, the mortgagee may maintain an action in the nature of trespass on the case, for an injury to his interest as a reversioner. I did not participate in that view, as may be seen from my observation in that case, (23 N. Y. Rep. 539.) I forbear to enlarge upon that question because the present case does not present it, and because I have already sufficiently explained my views upon that question, in the cases to which I have referred. I am in favor of reversing this judgment.

WRIGHT, JOHNSON, HOGEBOOM and INGRAHAM, Justices, concurred. MULLIN and DAVIES, Justices, were for affirmance. SELDEN, J. was not prepared to vote.

Judgment affirmed.