### SOLON W. EDSON,

#### *vs.*

### STEPHEN NEWELL.

Where a chattel mortgage was duly filed under *Ch.* 33, *Laws* 1860, the mortgagee was not required by *Sec.* *Ch.* 2, 41, *Laws* 1862, in order to sustain an action against an officer attaching the chattels mortgaged, to give such officer express notice of his claim to the same.

*Ch.* 24, *Laws* 1865, does not relate to attachments or levies made before its passage.

Under *Ch.* 33, *Laws* 1860, where mortgaged chattels in the possession of the defendant in the attachment were attached and sold before the ex-

Edson v. Newell.

piration of one year after the original filing of the mortgage, the mortgage being valid at the dates of the attachment and sale, and the mortgagee having at such dates the right of possession of the chattels, the sale of such chattels was a conversion of the mortgagee's property, for which he could maintain an action, and such action could be maintained, although not commenced until after the expiration of one year from the original filing of the mortgage, and though no copy of the mortgage, with a statement of the mortgagee's interest in the property mortgaged, had been filed within thirty days before the expiration of such year, as provided in *Sec.* 3, *Ch.* 33, *Laws* 1860.

This action was brought in the District Court for Dakota county, and was tried, and a verdict rendered in favor of the plaintiff. A motion for a new trial was made upon a case as settled, and denied, and judgment entered upon the verdict. The defendant appeals from such judgment.

The nature of the action, and the points presented, sufficiently appear in the opinion of the Court.

SMITH & GILMAN, with HUDDLESTON & BABCOCK, for Appellant.

CLAGETT & CROSBY, and L. VAN SLYCK, for Respondent.

*By the Court*—BERRY, J.—The defendant, as sheriff of Dakota county, attached certain goods in the possession of one Pratt, upon a writ of attachment against him, goods which the plaintiff claims under a chattel mortgage executed by said Pratt and running to the plaintiff as mortgagee.

The mortgage was executed and filed in the proper office on the twenty-third (23d) day of September, eighteen hundred and sixty-four (1864). The attachment was made December sixth, (6th) eighteen hundred and sixty-four (1864). The goods attached were sold by the sheriff in May, eighteen

hundred and sixty-five (1865), and prior to the commencement of this action the proceeds of the same were applied on an execution issued upon the judgment recovered by the attaching creditors.

This action was commenced April twenty-second (22d), eighteen hundred and sixty-six, (1866). Though the original mortgage remained on file, no copy of the same, with a statement exhibiting the interest of the mortgagee in the property mortgaged has since been filed. *Sec. 3, Ch. 33, Laws* 1860, which controls in this case, provides as follows: " Every mortgage filed in pursuance of this Act, shall be held and considered to be a full and sufficient notice to all parties interested, of the existence and conditions thereof; but shall cease to be valid as against the creditors of the person making the same, or against subsequent purchasers and mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of the said term of one year, a true copy of said mortgage, together with a statement exhibiting the interest of the mortgagee in the property claimed by him by virtue thereof, shall be again filed in the office of the Clerk, &c." In this case more than one year elapsed between the filing of the mortgage and the commencement of this action, and no copy and statement having been filed as provided for in the statute quoted, the counsel for the defendant insists that the plaintiff cannot recover, because the mortgage was not, as against the attaching creditors, " *in life* " at the time of the commencement of this action ; in other words, because the plaintiff had ceased to have any rights under the mortgage, as against such attaching creditors. But in our opinion this position cannot be sustained. While the mortgage and the notes secured thereby were read in evidence below, they are not,

nor is the tenor of them, set out in the "case." It will therefore be presumed in support of the verdict and judgment, (and no point is made to the contrary,) that the mortgagee was, at the date of the conversion complained of, entitled to the possession of the chattels mortgaged, either by the express terms of the mortgage, or because the mortgage was overdue and the mortgagor in default. The goods were taken and sold by the defendant *before* the expiration of one year from the filing of the mortgage, and it must be assumed from the verdict that the mortgage was valid in its inception.

The plaintiff then having as mortgagee the legal title to the mortgaged chattels, and having at the date of the levy and sale the right of possession thereof, the sale of them was a conversion of the plaintiff's property. *Stewart vs. Slater,* 6 *Duer,* 99; *Galen vs. Brown,* 22 *N. Y.,* 39.

This conversion was the invasion of the plaintiff's rights for which he now seeks to recover. Whether since the conversion he has kept his mortgage on foot by complying with the statute, is unimportant. *Manning vs. Monaghan,* 10 *Bosworth,* 240; *S. C.* 28 *N. Y.,* 589. The conversion of his property by the defendant, gave him a complete cause of action, unless he has failed in giving the sheriff, defendant, such notice of his claim upon the property as the defendant insists is required by law as a pre-requisite to an action against an attaching officer. And this brings us to consider the question of notice. There are two acts of the legislature bearing upon this question, to-wit: *Ch.* 41, *Laws* 1862, and *Ch.* 24, *Laws* 1865. *Sec.* 2 *of the Act of* 1862, reads as follows: "Any person having a claim to any property in the possession of the defendant in attachment or execution levied upon by a sheriff, coroner, constable or other officer, by virtue of a warrant of attachment or execution, shall not

have any right of action against such sheriff, coroner, constable, or other officer, for the value of the same, or for damages for the taking, detention or conversion thereof, unless he or his agent shall give notice in writing to such sheriff, coroner, constable, or other officer so seizing the same, of his claim to such property, before the day of sale thereof; nor shall such person have any right of action against such officer, for taking any such property, or for detaining the same previous to such notice. *Provided,* That if such sheriff, coroner, constable, or other officer has any notice or knowledge that the property so attached or levied upon belongs to any person other than the defendant, in the attachment or execution, he shall be liable to the party injured, although the notice aforesaid may not be served upon him." By the proviso of this section, express notice was dispensed with in this instance, for the plaintiff's claim to the property seized, was under a chattel mortgage duly filed, and by *Sec.* 2, *Ch.* 33, *Laws* 1860, before quoted, "Every mortgage filed  *  *  *  shall be held and considered to be a full and sufficient notice to all parties interested of the existence and conditions thereof." As to the Act of 1865, we are of opinion that it is not retroactive, in terms, or intent, and that it does not relate to attachments or levies made before its passage.

It being then unnecessary either under the Act of 1862, or 1865, to prove that express notice of the plaintiff's claim was given to the sheriff, evidence of such notice was superfluous, and altogether immaterial, and we are unable to conceive how its admission could have prejudiced the defendant in this instance. This disposes of all the questions which we are asked to consider.

Judgment affirmed.