LOCKWOOD, ENGLEHART & CO. v. CAR. CRAWFORD, *et al.*

CHATTEL MORTGAGE; *Execution; Priority of Lien.*   June 1, 1880, at 7:30 A. M., a chattel mortgage was executed and filed in the office of the register of deeds. June 1, 1881, at 5 P. M., executions against the mort-gagor were levied upon the mortgaged goods. June 4, 1881, the mortga-gees replevied. Up to that time no affidavit for renewal of the mortgage had been filed or made. *Held,* That the lien of the executions was prior to that of the mortgage.

### Error from Shawnee District Court.

REPLEVIN, brought by *Lockwood, Englehart & Co.* against *Crawford,* as constable, and five others, to recover the pos-session of a certain stock of millinery goods and notions. Trial at the April Term, 1882, of the district court, and judgment for defendants. The plaintiffs bring the case to this court. The opinion states the facts.

*A. H. Case,* for plaintiffs in error.

*Edwin A. Austin,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: On the first day of June, 1880, at 7:30 A. M., a chattel mortgage was duly executed and filed in the office

of the register of deeds. One Mrs. M. M. Whitted was the mortgagor, and plaintiffs in error were the mortgagees. Judgments having been rendered against the mortgagor, executions thereon were placed in the hands of Car. Crawford, one of the defendants in error, a constable, and by him, on June 1, 1881, at six o'clock P. M., levied upon the mortgaged goods. On June 4, 1881, the mortgagees replevied the goods. Up to that time no affidavit for the renewal of the mortgage had been made or filed, as required by § 11, ch. 68, Comp. Laws 1879. The district court held the lien of the executions prior to that of the mortgage, and of this plaintiffs in error complain.

Defendants in error insist that the ruling of the district court must be sustained upon two grounds:

1. That the year provided by said § 11 for the renewal of the mortgage expired at 7:30 A. M., of June 1, 1881, and thereafter the property was subject to seizure upon process against the mortgagor.

2. That inasmuch as no affidavit in renewal had been filed prior to June 4, 1881, the date of commencing this replevin action, the lien of the mortgage was postponed to the lien of the executions.

Plaintiffs in error claim that they had all of June 1, 1881, in which to file their affidavit for renewal; that although the mortgage was filed at 7:30 A. M., yet under our statutes providing rules for the computation of time, the courts will not take note of fractions of a day, but will give the whole of the last day for the doing of any act required to be done on that day; and cite in support thereof several decisions in this court.

In support of defendants' first proposition, that the exact hour is to be taken into account, they cite the case of *Seaman v. Eager*, 16 Ohio St. 210, in which the precise question was considered and determined. See also *Nitchie v. Townsend*, 2 Sandf. S. C. 299; *Follett v. Hall*, 16 Ohio, 111; *Paine v. Mason*, 7 Ohio St. 198; Herman on Chattel Mortgages, 188; *Bank v. Burkhardt*, 100 U. S. 686. We think this proposi-

tion is correct, and that therefore the judgment of the district court must be affirmed. We cannot state the reasons for this conclusion any better than by a quotation from the opinion in 16 Ohio St., *supra:*

"But it is claimed that this mortgage having been refiled on the 29th day of July, 1861, at half-past eight o'clock A. M., one year from that time did not expire till the close of the 29th day of July, 1862; and this claim rests on the alleged ground that the law does not regard fractions of a day in computations of time, and that the day of the filing is to be excluded from the reckoning in computing the year. In cases where fractions of a day are to be disregarded, the general rule certainly is, that in computing time from an act done, the day on which it was performed is excluded from the reckoning; but this statute, as we think, requires that fractions of a day shall not be disregarded in computations of time running from the act of filing. The statute requires the township clerk to indorse on the instrument deposited with him 'the time of receiving it.' The moment it is filed in the proper office it becomes effective, and will have priority over a competing instrument of the same kind filed one minute afterward. The law will take notice of the exact time at which each is filed, and therefore requires that time to be indorsed by the clerk; and the time within which it must be again filed is 'one year from the filing thereof,' not from the day of filing, but from the time when the act of filing occurs. We are of opinion that the year begins to run, not from the close of the day on which the filing takes place, but from the time of the act of filing, and is completed at the corresponding time in the year next following."

Upon the other proposition of counsel, see, on the one hand, *Thompson v. Van Vechten*, 27 N. Y. 568, 581; and on the other, *Newman v. Tymeson*, 12 Wis. 448; *Case v. Jewett*, 13 Wis. 498; *Edson v. Newell*, 14 Minn. 228.

The judgment will be affirmed.

All the Justices concurring.