(88 Misc. Rep. 214)

### BENEDICT v. ZUTES.

(Supreme Court, Special Term, Monroe County. December 5, 1914.)

BANKRUPTCY (§ 138*)—ACTION BY TRUSTEE—PROPERTY TAKEN UNDER INVALID CHATTEL MORTGAGE.

    Under Lien Law (Consol. Laws, c. 33) § 235, providing that a chattel mortgage shall be invalid against creditors and bona fide purchasers, unless a renewal statement is filed each year, a trustee in bankruptcy may recover chattels, which had been taken by mortgagee thereof more than a year after the original filing, without a renewal statement having been filed.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193–204, 206–209; Dec. Dig. § 138.*]

Action by Homer B. Benedict, as trustee in bankruptcy of Mike Zervas, against Christ Zutes. Defendant demurs to the complaint on the ground that it fails to state a cause of action. Overruled.

Henry E. MacArthur, of Brockport, for plaintiff.

Morgan & Pallace, of Brockport (Hugh J. O'Brien, of Rochester, of counsel), for defendant.

CLARK, J. On the 8th day of June, 1914, Mike Zervas, of Brockport, N. Y., was adjudicated a bankrupt, and on the 22d day of June, 1914, the plaintiff was appointed his trustee in bankruptcy, and he duly qualified and is now acting as such. On July 29, 1913, Mike Zervas executed to defendant a chattel mortgage covering certain property of Zervas located in Brockport, and the mortgage was on the same date filed in the town clerk's office; but no renewal of that mortgage was ever filed, as required by section 235 of the Lien Law. On October 1, 1914, the defendant took possession of the property which had been covered by the chattel mortgage and advertised it for sale. Plaintiff, as trustee in bankruptcy for Mike Zervas, brings this action to have the mortgage declared invalid as against creditors, because of the failure of the defendant to refile his chattel mortgage.

Section 235 of the Lien Law provides, among other things, that a chattel mortgage shall be invalid as against creditors of the mortgagor,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the first filing, unless within 30 days next preceding the expiration of each such term a statement containing a description of such mortgage, the names of the parties, the time when and the place where filed, the interest of the mortgagee, etc., is filed in the proper office, etc. It is conceded in this case that no renewal statement was ever filed, and by the language of the statute itself the mortgage became invalid as against the creditors of the mortgagor at the expiration of a year commencing July 29, 1913. The statute is perfectly plain, and there is no reason for its being misunderstood or misconstrued. A chattel mortgage must be refiled as required by the statute, or it ceases to be valid as against creditors of the mortgagor.

The learned counsel for defendant urges that the trustee in bankruptcy of the mortgagor cannot take advantage of this situation, but I cannot agree with him in that contention. The chattel mortgage in this case, while it was properly filed in the first instance, was not refiled as the law requires, and when it was not refiled it became invalid as to creditors, and the situation is precisely the same as though the chattel mortgage had never been filed, and the authority seems to be ample to the effect that the trustee in bankruptcy could take advantage of the situation and attack this chattel mortgage and assert the rights of creditors against it. Skilton v. Coddington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885; Titusville Iron Co. v. City of N. Y., 207 N. Y. 203 (see opinion, page 210), 100 N. E. 806; Dunn Salmon Co. v. Pillmore, 55 Misc. Rep. 546 (see opinion, pages 551, 552), 106 N. Y. Supp. 88.; Scott v. Thousand Island Boat Co. (Sup.) 134 N. Y. Supp. 150; Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1913, § 9651]) § 67.

The defendant is unfortunate that he did not refile his chattel mortgage; but he alone is to blame, and when he failed to do so, as the law required, it ceased to be valid as against creditors, and his taking possession of the property long after the mortgagor had been adjudged a bankrupt, and the plaintiff had been appointed and qualified as trustee in bankruptcy, will not be effectual as against the rights of creditors represented by plaintiff. At the time defendant took possession of the property under his chattel mortgage there was no valid chattel mortgage in existence so far as the rights of creditors were concerned, and his taking possession of the property under the mortgage would not enlarge his interest or in any way affect the rights of intervening creditors. Zartman v. Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083.

I am not unmindful of the fact that several federal authorities cited by defendant would seem to sustain his contention here, but the Lien Law requiring chattel mortgages to be filed and refiled is a New York state statute, is perfectly plain in its terms, and must be adhered to and strictly complied with, and the decisions of our state courts clearly indicate that the plaintiff, trustee in bankruptcy, can, in the interest of the creditors of the mortgagor and bankrupt, take advantage of the omission of defendant to safeguard his rights by refiling his chattel

mortgage as the law required. This situation is unfortunate for the defendant, but he alone is responsible for it.

The demurrer must be overruled, with costs, but with leave to defendant to plead over within 20 days on payment of costs.