## In re BRAYTON.

(District Court, N. D. New York. January 7, 1922.)

1. **Bankruptcy** ☞228—**Findings of referee in bankruptcy held not binding on court.**

   The findings of a referee in bankruptcy as to facts in testimony are not binding on the court.

2. **Bankruptcy** ☞166(4)—**Test for validity of conveyances by bankrupt to creditors stated.**

   In considering a preference of creditors by a bankrupt, the intent of the bankrupt to prefer is not material; but the test is whether the creditor charged with having received the preference had, at the time of receiving it, such information as ought to have led a reasonably prudent man to the conclusion that a preference had thereby been intended.

3. **Bankruptcy** ☞165(4)—**Transaction held not a substitution of securities.**

   Where a bankrupt had given a creditor a chattel mortgage, which was void as against creditors and subsequent purchasers in good faith because of failure to refile within a year, as required by Lien Law N. Y. § 235, giving a new mortgage to the creditor did not amount to a substitution of securities, so as to avoid a preference of the creditor.

4. **Bankruptcy** ☞166(4)—**Mortgage given by bankrupt held void as a preference of a creditor.**

   Where the officers of a bank knew that a bankrupt, who had previously carried a large balance, had overdrawn his account 28 times in the two

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

months preceding, and in the month in which a mortgage was given to the bank, and on the day on which the mortgage was given could not pay a note for $15 without renewing part of it, and with such knowledge the bank's officers took a mortgage on the bankrupt's stock, the mortgage is void as a preference of a creditor.

In Bankruptcy. In the matter of Buel G. Brayton, bankrupt. On review of an order of the referee holding a chattel mortgage given by the bankrupt to the Glens Falls Trust Company to be valid. Order reversed, and chattel mortgage declared void.

Chambers & Finn, of Glens Falls, N. Y. (Walter A. Chambers, of Glens Falls, N. Y., of counsel), for trustee.

Edward M. Angell, of Glens Falls, N. Y., for Glens Falls Trust Co.

COOPER, District Judge. This is a review of an order of the referee, holding a chattel mortgage given by Buel G. Brayton, the bankrupt, to the Glens Falls Trust Company, to be valid.

The bankrupt conducted a meat business, doing substantially all his banking with the Glens Falls Trust Company. In 1916 he gave to said company a chattel mortgage covering his stock, and in March, 1919, gave the mortgage in question, which, it is claimed, was the renewal mortgage to the one in 1916. Within a month thereafter Brayton filed a voluntary petition in bankruptcy.

[1] It is claimed that the findings of the referee as to the want of knowledge of insolvency, etc., is binding upon this court. There being no dispute as to the testimony, the court is just as competent as the referee to draw the inferences from the testimony and the conclusions of the referee are not in any way binding upon the court. In re McClelland (D. C.) 275 Fed. 576.

[2-4] There can be no doubt but that Brayton was hopelessly insolvent, and knowledge thereof must have come to the bank. The financial condition of the bankrupt was the same at the time of the filing of the petition as it was for at least a year prior thereto. The bankrupt could not pay his debts, and could not meet his obligations to the bank, and certainly the bank knew, when it took the only assets of the bankrupt, that it created a preference. The intent of the bankrupt to prefer is no longer material. In re Jacobson (D. C.) 181 Fed. 870. The test is whether a creditor, who is charged with having received a voidable preference, had at the time of receiving it such information as ought to have led a reasonably prudent man to the conclusion that a preference had thereby been intended. In re Pfaffinger (D. C.) 154 Fed. 528; In re W. W. Mills Co. (D. C.) 162 Fed. 42.

The bank, above all others, knew the financial status of the bankrupt. He overdrew his account in the bank 17 times in the two preceding calendar months, and 11 times during the calendar month (March) in which the chattel mortgage was given, whereas, in former times, he carried a large balance. On the day, March 20th, when the chattel mortgage was given, a note of the bankrupt for $15 became due, to retire which the bankrupt paid $5 in money and gave a renewal note for $10. It was on this day that the bank's representative went to the bankrupt's place of business and had him execute the chattel mortgage

in question. It was evidently the fear that the bankrupt was in a bad way and a desire to get all the protection possible against his threatened insolvency which prompted this action.

While a substitution of securities does not create a preference, in this case there can be no such substitution. The mortgage given in 1916 was void as against creditors and subsequent purchasers in good faith, because of failure to refile within a year. See Lien Law (Consol. Laws N. Y. c. 33) § 235; Stich v. Pirkl, 100 Misc. Rep. 594, 166 N. Y. Supp. 440; Benedict v. Zutes, 88 Misc. Rep. 214, 150 N. Y. Supp. 147; In re Watts-Woodward Press, 181 Fed. 71, 104 C. C. A. 105.

The transfer, while the bankrupt was hopelessly insolvent, being for an antecedent debt, and given within four months prior to the bankruptcy, under circumstances which must have given the bank reasonable cause to believe that a preference would thereby result, is void.

The order of the referee should be reversed, and the chattel mortgage declared void. An order may be entered accordingly.