**In re LUKAS et al.**

District Court, E. D. New York. January 26, 1928.

No. 15329.

Bankruptcy ⬳184(2⅓)—Adjudication in bankruptcy of mortgagor does not dispense with necessity of refiling mortgage each year to preserve lien against assets of bankrupt (Lien Law N. Y. § 235).

Under Lien Law N. Y. § 235, providing that a chattel mortgage shall be void against creditors of mortgagor after expiration of the first or any succeeding year from date of first filing, unless a statement of renewal is filed within 30 days next preceding expiration of each such term, adjudication in bankruptcy of mortgagor before expiration of a term does not dispense with the necessity of such filing to preserve lien against bankruptcy assets.

In Bankruptcy. In the matter of George Lukas and John Doolas, partners as the Flushing Cafeteria, bankrupts. On review of order of referee. Affirmed.

Joseph Rubin, of New York City (Meyer M. Brown, of New York City, of counsel), for American Products Specialty Co.

Samuel C. Duberstein, of Brooklyn, N. Y., for trustee.

MOSCOWITZ, District Judge. This is a motion for review and revision of an order made by a referee in bankruptcy, adjudging as void a certain chattel mortgage given by the bankrupts to the American Products Specialty Company. The mortgage was dated July 31, 1926. It was filed on August 2, 1926, and refiled June 27, 1927. A voluntary petition in bankruptcy was filed on July 20, 1927, and on that same day there was an adjudication in bankruptcy. On August 19, 1927, a trustee was elected. The mortgage has not been refiled, and the time for refiling has expired. The assets were sold by the trustee, and the proceeds placed into a special fund pending the determination of the validity of the chattel mortgage by the referee. The referee decided that the chattel mortgage was void against the trustee because of the failure to refile the mortgage, pursuant to section 235 of the New York Lien Law.

Section 235 of the New York Lien Law reads as follows:

"*Mortgage, Invalid After One Year, Unless Statement is Filed.* A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless,

"1. Within thirty days next preceding the expiration of each such term, a statement" of renewal is filed in the proper offices.

The premature filing on June 27, 1927, was nugatory and of no effect. In re Pearlman (D. C.) 246 F. 874.

The question presented by this motion is: Does the filing of a petition in bankruptcy before the expiration of one year from the date of the filing of the original

chattel mortgage dispense with the necessity of refiling the chattel mortgage under the provisions of the New York Lien Law?

The contention is advanced that the filing of the petition in bankruptcy fixed the status of the parties, and therefore that no refiling is necessary. This contention is untenable. Ordinarily, unless otherwise provided, the rights, powers, and remedies of a trustee are determined as of the time of the filing of the petition, and if a lien is good at that time against the debtor it remains so against the creditors. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. A mechanic's lien may be filed subsequent to adjudication, if within the time prescribed by law. Gates Co. v. Stevens Construction Co., 220 N. Y. 38, 115 N. E. 22. New York-Brooklyn Fuel Corp. v. Fuller (C. C. A. 2), 11 F.(2d) 802.

The validity of a chattel mortgage as a lien against the estate of a bankrupt is determined by the statute of the particular state where the transaction arose. In re Thomas (D. C.) 199 F. 214; Holt, Trustee in Bankruptcy, v. Crucible Steel Co. of America, 224 U. S. 262, 32 S. Ct. 414, 56 L. Ed. 756. The Supreme Court of New York in Benedict v. Zutes, 88 Misc. Rep. 214, 150 N. Y. S. 147, has decided that a mortgagee, who has not refiled his chattel mortgage within the time prescribed by New York law after there has been an adjudication, cannot defeat the rights of a trustee in bankruptcy of a mortgagor and the creditors by demanding possession of the property after the period that the mortgage was invalidated by law.

The mortgagee could have protected his rights by refiling the mortgage within the period prescribed by section 235 of the New York Lien Law. He has failed to do so. The filing of the petition in bankruptcy did not dispense with the necessity of filing the proper papers required by the statute to continue the lien. The refiling of the mortgage would not be a useless and unnecessary act, but would rather have been a protection to the mortgagee.

The report of the referee in bankruptcy is confirmed.