EDWARD HEINAMAN, Respondent, *v.* GEORGE W. HAXTON & SON, INC., Appellant.

Fourth Department, June 27, 1934.

*Wilbur F. Knapp*, for the appellant.

*Floyd W. Annabel*, for the respondent.

THOMPSON, J. In pursuance of an agreement in writing, dated June 20, 1929, defendant, " buyer," sold to one Ackerson, " grower," a quantity of seed beans for which Ackerson agreed to pay defendant the sum of $255.70 on or before February 1, 1930. The instrument further provided that Ackerson, the *grower*, " hereby sells,

assigns and transfers and agrees to deliver * * * all of the crop of beans raised from said seed beans after same are harvested and threshed, except reasonable seed requirements, and that the *buyer* [defendant] may deduct from the purchase price of said beans the aforesaid sum of $255.70;" the buyer to pay the " market price being paid by them on date of sale for beans of like variety and quality." On June 28, 1929, Ackerson made and delivered his promissory note in writing to plaintiff for the sum of $200, payable six months from date, and at the same time, to secure the payment of the note, he executed and delivered to plaintiff a chattel mortgage upon the crop of beans then planted and which, it appears, was thereafter produced from the seed beans purchased from defendant. The note and mortgage were made and delivered for value, and without knowledge or notice of the contract in defendant. The contract was not filed in any public office. When harvested, the crop of beans was delivered by Ackerson to defendant December 18, 1929. The note, which the chattel mortgage was given to secure, became due December 28, 1929.

Plaintiff has recovered a judgment against defendant in conversion for the amount of the note, interest and costs upon the theory that the defendant by taking the crop of beans which was raised from the seed that it sold to Ackerson, in pursuance of the contract, converted the beans, " in violation of the plaintiff's right and title thereto."

Plaintiff did not allege or prove that he was entitled to or in possession of the beans when the defendant took them, nor did he allege or prove that he was damaged by the diversion of his security. It does not appear that he has proceeded against Ackerson or that Ackerson is insolvent.

" It is elementary that the law of conversion is concerned with possession, not with title." (*Pierpoint* v. *Hoyt*, 260 N. Y. 26, 29.) " The ' disseisin, which is the essence of conversion, is not a wrong against the owner in respect of his ownership. It is an infringement of the right to control or of the right to possession which is usually an incident of ownership, but not always ' * * *. There may be wrongs to property interests without violation of a possessory right; there cannot be that specific form of wrong which is known as conversion." (*McCoy* v. *American Express Co.*, 253 N. Y. 477, 482.)

"A mortgagee may under special circumstances bring an action to recover damages for the impairment of his security, though he has not the right of immediate possession." (*Norton* v. *Shields*, 174 App. Div. 804, 806.) In such case " the damages must, of course, depend upon the extent to which that lien has been

impaired " (*Goulet* v. *Asseler*, 22 N. Y. 225, 229), and are confined to the loss suffered by the mortgagee for injury to his reversionary interest. (*Manning* v. *Monaghan*, 28 N. Y. 585.)

At the time the beans were taken by defendant, plaintiff was not a mortgagee in possession, and the only right he had to reduce them to possession was based upon the provision of the mortgage that he might take his security if at any time he should deem the debt or security to be unsafe, the indebtedness which the mortgage was given to secure not being then due. This right he had not exercised.

Having failed to allege in his complaint, or establish upon the trial, the facts requisite to an action, either in conversion, or on the case, the judgment appealed from should be reversed, and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.