THEODORE GRANA, Plaintiff, *v.* JOHN E. MEHS, Defendant.

Supreme Court, Niagara County, September 26, 1934.

*Watts & Findlay* [*Bernard Sax* of counsel], for the plaintiff.

*Alger A. Williams,* for the defendant.

HORTON, J.  This is a replevin action by a chattel mortgagee to recover a Chevrolet truck which had been sold on execution sale to the judgment creditor subject to the mortgage.  The mortgage was for $300, was executed October 29, 1931, and filed in the proper office the next day.  Defendant recovered judgment for $366.26 against the mortgagor in December, 1931, and bought the truck upon sheriff's sale for $40.85 on October 1, 1932.  Its value at the time of sale was some $350.  The mortgage was never refiled. Some time after October 30, 1932, plaintiff demanded possession from the defendant, and upon his refusal to deliver brought this action.

The chief question to be determined here is: Has a chattel mortgagee superior rights over a judgment creditor who has purchased on execution sale during the filing period of the mortgage which was not refiled as required by statute, when the sale was subject to the mortgage, realized only a small part of the value of the property and action was not brought until after the expiration of the filing period.

The defendant here claims that after the sale he remains a creditor for the unpaid balance of his judgment and is, therefore, entitled to the benefit of the statute which makes the mortgage void as against creditors if not refiled.  The plaintiff on the other hand claims that defendant, though a judgment creditor, became at the sale a purchaser of the truck subject to the mortgage, that his status thereupon changed as to this particular truck in spite of the fact that his judgment was not all paid, that his rights then became fixed and that he cannot thereafter question the validity of the mortgage even though it was not refiled.

The court is of opinion that plaintiff presents the sounder argument.  The defendant paid only a fractional part of the value of the truck, presumably because he bought it subject to the plaintiff's mortgage.  He should not be allowed to take advantage of this by subsequently claiming that the mortgage was void or in effect non-existent.  No authority has been found by counsel or the court squarely in point in this State, but in *Manning* v. *Monaghan* (28 N. Y. 585) the facts were quite similar.  In that case the chattel mortgagee brought action against a judgment creditor and the receiver in supplementary proceedings on account of a sale of the mortgaged goods by the receiver prior to the expiration of filing period.  The defendants knew of the mortgage and plaintiff was present when the sale was had but did not give any notice to bidders or claim that the sale should be subject to the mortgage.  Defendants on the trial insisted that the presence of plaintiff at the sale was notice of his assent to it and also that the lien of the mortgage was lost through failure to refile it.

The Court of Appeals reversed judgment for plaintiff for error in the charge, but said (DENIO, Ch. J.): " I am of opinion that the exceptions based upon the supposed assent by the plaintiff to the sale and upon the omission to refile the mortgage, were not well taken."

The courts of other States have also held in accordance with the views above expressed (*Edson* v. *Newell*, 14 Minn. 228; *Newman* v. *Tymeson*, 12 Wis. 448; *Case* v. *Jewett*, 13 id. 498).

As the defendant, after demand, put the property out of his possession, and cannot deliver, judgment may be entered in favor of the plaintiff for $300 and interest from October 29, 1931, the value of his monetary interest in the mortgaged property.