## In re FRANCINO'S GRILL, Inc.

District Court, S. D. New York.

Jan. 5, 1939.

Samuel Newfield, of New York City, for receiver.

Morris Asbel, of New York City, for Louis Cicotto.

CONGER, District Judge.

This matter concerns the validity of two certain chattel mortgages, as follows:

(1) Mortgage made by Francino's Grill, Inc. to Joseph Francino, John Carmatti and Joe Carmatti, amount $1,500; dated June 14, 1937, filed June 14, 1937.

(2) Mortgage made by Francino's Grill, Inc. to Louis Cicotto, amount $1,000; dated January 15, 1938, filed March 31, 1938.

The involuntary petition in bankruptcy in this matter was filed on May 6, 1938.

The Referee has declared both chattel mortgages to be invalid, void and unenforcible.

The first mortgage, to wit, the mortgage of $1,500, because the mortgagees failed to refile the chattel mortgage in accordance with Section 235 of the Lien Law (Consol.Laws, c. 33) of the State of New York.

The mortgagees failed to refile the chattel mortgage in accordance with the above provisions of the Lien Law, but contend that inasmuch as the date of the filing of the involuntary petition in bankruptcy was prior to the time when it could have been refiled, that therefore there was no necessity for complying with the above rule.

Upon the authority of In re Lukas et al., D.C., 24 F.2d 254, Moscowitz, J., I sustain the Referee's decision and affirm and approve the certificate with respect to said chattel mortgage.

With regard to the second chattel mortgage, the Referee there held that the said chattel mortgage was invalid and unenforcible because of the fact that it had been executed on January 15, 1938, and not filed until March 31, 1938; and that this was a failure to comply with Section 230 of the New York State Lien Law.

There is nothing in Section 230 of the Lien Law or in any of the sections, which says when a chattel mortgage must be filed, but the Courts have held that such filing must be within a reasonable time, and that in order to make such an instrument, to wit, a chattel mortgage, effective against the creditors of the mortgagor, the Lien Law contemplates that it shall be placed upon file with reasonable expedition. Tooker v. Siegel-Cooper Co., 194 N.Y. 442, 87 N.E. 773.

This question has been passed upon many times in the courts of the State of New York. It has been held that a delay of nearly a month in placing a chattel mortgage on file was so unreasonable as to invalidate the mortgage as against creditors. The statute has been construed in favor of creditors along the broadest lines and in accordance with the most liberal principles of statutory construction. See Karst v. Gane et al., 136 N.Y. 316, 32 N.E.

1073; Stephens v. Perrine et al., 143 N.Y. 476, 39 N.E. 11.

It is contended by the petitioners herein that all creditors of the bankrupt were paid up to about March 10, 1938. However, there appears in the testimony taken before the Referee herein, the following:

"This matter was on before me originally on September 6th and was adjourned until this morning (September 8, 1938) for the purpose of procuring evidence on one question only, and that is, whether there now exist creditors whose obligations arose between the date of the execution of this mortgage, which is concededly January 13, 1938, and the time of its filing, which is concededly the 31st day of March, 1938.

"It is now conceded by the attorney for the respondent, Louis Cicotto, that one or more debts were created during this period which remained unpaid on the date of bankruptcy."

Under the above authorities and upon the above statement or stipulation, I sustain the decision of the Referee as to the invalidity of the above said chattel mortgage, and his decision and certificate herein are in all respects affirmed and approved.