# LOCKHART v. GARDEN CITY BANK & TRUST CO.
## No. 113.

Circuit Court of Appeals, Second Circuit.
Dec. 30, 1940.

Harry H. Schutte, of Brooklyn, N. Y., for appellant.

George L. Hubbell, Jr., of New York City (Hurd, Hamlin & Hubbell and William B. Hurd, all of New York City, on the brief), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The present controversy concerns the validity and effect of a chattel mortgage which was originally duly filed and recorded, but which had not been refiled within a year, as ordinarily required by state law, because the mortgagee had repossessed the chattels from the mortgagor during proceedings for an arrangement initiated by the latter under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The referee and the district court held the mortgagee's rights superior to

those of a bankruptcy trustee later appointed, on the ground that in Chapter XI proceedings, unlike ordinary bankruptcy, the mortgagee could retake possession without securing permission of the bankruptcy court. Although we disagree with the reason assigned, we concur in the result reached below, because we think the rights of the parties became fixed at the date of the initiation of the proceedings, when the mortgage was admittedly valid.

The chattel mortgage, on certain automobiles and trucks, was given by A. & W. Refrigeration Service, Inc., to the Garden City Bank & Trust Company and was duly filed in the appropriate town clerk's office under N.Y.Lien Law, Consol.Laws N.Y. c. 33, §§ 230, 232, on December 27, 1938. On October 27, 1939, when the mortgagor filed its petition for an arrangement under Chapter XI, its indebtedness to the Trust Company stood at $873.67; this was later reduced to $823.67. The court continued the debtor in possession, and between November 29 and December 19, 1939, the mortgagee, without leave of the bankruptcy court, took possession of the vehicles still subject to the mortgage. Under N.Y.Lien Law, § 235, the original filing of the mortgage did not serve to continue its lien against creditors, subsequent purchasers, and mortgagees, unless it or a statement of it was refiled within a year. The mortgagee here failed to refile its mortgage by December 27, 1939. The debtor was adjudicated a bankrupt on January 10, 1940, and its trustee sought an order, refused below, declaring the mortgage void as against him for lack of refiling. The vehicles were sold by stipulation, and proceeds in the amount of $692.37 are held by the trustee subject to the outcome of this appeal.

It is settled, both in ordinary bankruptcy (Mueller v. Nugent, 184 U. S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645) and in corporate reorganization proceedings under old Section 77B, 11 U.S.C.A. § 207 (In re Martin Custom Made Tires Corp., 2 Cir., 108 F.2d 172), that property in the actual or constructive possession of the bankrupt when the petition is filed vests in the trustee and becomes subject to the exclusive jurisdiction of the bankruptcy court. Except where inconsistent with other provisions of Chapter XI, all provisions of Chapters I to VII, 11 U. S.C.A. §§ 1–112, are applicable to an arrangement proceeding (Bankruptcy Act, § 302), the debtor in possession has the powers of a trustee (§ 342), and the court in which the petition for an arrangement is filed has "exclusive jurisdiction of the debtor and his property, wherever located." § 311. The indicated conclusion is, therefore, that leave of the court is necessary to the rightful removal of property from the possession of the trustee or debtor-in-possession under an arrangement proceeding.

But the mortgagee argues that the jurisdiction of the court and the title of the trustee under Chapter XI, unlike the situation in ordinary bankruptcy or in Chapter X, 11 U.S.C.A. § 501 et seq., proceedings do not extend to property on which a lien is held, because an arrangement may not alter the rights of secured creditors, §§ 306(1), 307(1, 2), 357; nor did the arrangement actually proposed in this case purport to do so. This, however, is not inconsistent with the exclusive jurisdiction of the court over mortgaged property. Under ordinary bankruptcy, too, the rights of secured creditors may not be curtailed (former Act, § 67, sub. d, 11 U.S.C.A. § 107, sub. d; present Act; § 57, sub. h, 11 U.S.C.A. § 193, sub. h; In re American Motor Products Corp., 2 Cir., 98 F.2d 774); and the object of the court's control is not necessarily the curtailment of rights, but the supervision of their enforcement in order to protect the interests of other creditors, interests which would be substantial if the property proved to be more than sufficient to satisfy the secured debts. Isaacs v. Hobbs Tie & Timber Co., supra, 282 U.S. at page 738, 51 S.Ct. 270, 75 L.Ed. 645. The mortgagee also argues that, since under § 314 the court "may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor," retaking possession is permissible where no stay has been entered. But this section also grants the court explicit power to enjoin or stay suits generally, and further provides that the relief it gives is in addition to that afforded by § 11, 11 U.S.C.A. § 29—granting extensive judicial power over suits by and against ordinary bankrupts—as

well as that afforded elsewhere under Chapter XI. This section thus in part overlaps other grants and restates powers otherwise inherent in the court. In view of the outstanding importance to a Chapter XI court of unquestionable authority to deal with all conflicting proceedings, even in courts of co-ordinate jurisdiction, such overlapping is explicable; certainly the other grants of power are not inconsistent with this section and, therefore, should not be held limited by it. See Mueller v. Nugent, supra, 184 U.S. at page 14, 22 S.Ct. 269, 46 L.Ed. 405.

■ This conclusion does not determine the controversy, however, unless the mortgagee's lien, valid at the time the Chapter XI proceeding was begun, was lost thereafter. But under the statute the rights of all claimants to this property are the same—where not inconsistent with other provisions of the chapter—as if a petition in bankruptcy had been brought and adjudication rendered on October 27, 1939, when the petition for an arangement was filed (§ 352), and are unaffected by the fact that the debtor itself was continued in possession without the appointment of a receiver or trustee. § 342; In re Martin Custom Made Tires Corp., supra. Yet a bankruptcy trustee, as to all property in possession of the bankrupt at the time of adjudication, is vested "as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings." § 70, sub. c, 11 U.S.C.A. § 110, sub. c. Thus the critical time at which the trustee's rights are to be determined is the date of bankruptcy. Hence in general no creditors' liens acquire validity after the filing of the petition; this is emphasized by the exceptional cases otherwise—liens for property transferred in good faith for a present consideration actually paid to the amount thereof, § 70, sub. d(1), and statutory liens for employees, contractors, mechanics, landlords and others, and for taxes, though not perfected until after bankruptcy. § 67, sub. b, 11 U.S.C.A. § 107, sub. b; New York-Brooklyn Fuel Corp. v. Fuller, 2 Cir., 11 F.2d 802. (Expenses of carrying on the business where authorized by the court, like expenses of administration, stand on a different footing; they must be paid out of the estate. Ingels v. Boteler, 9 Cir., 100 F.2d 915, 919, affirmed 308 U.S. 57,

60 S.Ct. 29, 84 L.Ed. 78.) It should equally follow, we believe, that liens good at this time do not lose their validity as against the trustee, unless the statute so expressly provides.

■ The sections of the bankruptcy act which confer on the trustee the rights of the debtor—in property, § 70, sub. a, and to defenses available to the debtor against third persons, § 70, sub. c. —are of no avail here, because the validity against the mortgagor of a New York chattel mortgage does not depend on recordation. N.Y.Lien Law, §§ 230, 235; Gandy v. Collins, 214 N.Y. 293, 108 N. E. 415. And the trustee takes the bankrupt's property "subject to all valid claims, liens and equities enforceable against the bankrupt, except in cases where there has been a conveyance or encumbrance which is void or voidable as to the trustee by some positive provision of the bankruptcy act." In re Toms, 6 Cir., 101 F.2d 617, 619; cf. Commercial Credit Co. v. Davidson, 5 Cir., 112 F.2d 54, 56; Zartman v. First National Bank, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418.

■ No express grant of power to invalidate liens which expire after the date of filing of the petition can be found. To the negative implication of § 70, sub. c, which, as we have seen, grants powers, rights, and remedies to the trustee as of the date of bankruptcy, may be added that of § 70, sub. a, which specifies certain rights accruing later, as by bequest or inheritance, as vesting in the trustee, but fails to mention the right to attack liens subsequently lapsing. Nor could a necessary refiling of a mortgage after bankruptcy be considered a fraudulent transfer within the meaning of the applicable statutes, for they relate only to transfers "prior to the filing of a petition," § 67, sub. d(2), or "before the filing * * * of the original petition," § 60, sub. a, 11 U.S.C.A. § 96, sub. a; and a perfection of the transfer by original recordation before the filing of the petition fixes the transfer as of the date perfected, rather than as of any later date at which it is kept perfected. § 67, sub. d(5). True, § 70, sub. e(1), makes a transfer which is "fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act [title], * * * null and void as against the trustee of such debtor," without expressly limiting the time at which it must

have become voidable; but some time limitation seems reasonably implied, and § 70, sub. c, vesting in the trustee, as of the date of bankruptcy, all the rights and remedies of a judgment creditor as to property not in the possession of the bankrupt or of the bankruptcy court, cannot be wholly superfluous.

The weight of persuasive precedent supports this conclusion. Ludowici Celadon Co. v. Potter Title & Trust Co., 3 Cir., 273 F. 1009, and In re Lake County Fuel & Supply Co., 7 Cir., 70 F.2d 391, certiorari denied 293 U.S. 577, 55 S.Ct. 90, 79 L.Ed. 674, decided that a judgment lien need not be kept alive by a new execution after bankruptcy. In re Grosse, 7 Cir., 24 F.2d 305, and Matter of Brocamp's Assignment, 2 Ohio Cir.Ct.R. 372, 1 O.C.D. 537, held that the refiling of a chattel mortgage was unnecessary after bankruptcy or an assignment for creditors. See also Grana v. Mehs, 152 Misc. 828, 274 N.Y.S. 341, that refiling is not necessary against an attaching creditor purchasing at an execution sale; and compare Kratzner v. Detroit Lumber Co., 195 Mich. 570, 161 N.W. 817.

It is true that a single judge in New York decided otherwise in Benedict v. Zutes, 88 Misc. 214, 150 N.Y.S. 147; and that decision was followed without discussion in Re Lukas, D.C.E.D.N. Y., 24 F.2d 254, and these, in turn, by In re Francino's Grill, D.C.S.D.N.Y., 26 F.Supp. 856, and the decision below. But the first two cases were cited and not followed, as against the weight of authority and the better reasoning, in the Lake County case. There the Circuit Court of Appeals, after referring to some of the precedents cited above, chose to rely on the language in Isaacs v. Hobbs Tie & Timber Co., supra, 282 U.S. at page 738, 51 S.Ct. 270, 75 L.Ed. 645, that "valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved." [70 F.2d 392.] Indeed, our conclusion here is even more compelling than the similar decision reached in the Lake County case, for the Illinois statute there involved absolutely discontinued the lien at the end of its fixed period of duration, while the New York statute merely declares the lien then invalid against creditors, subsequent purchasers, and mortgagees. Of course, the trustee may avoid the lien of those mortgages which were voidable for lack of

refiling prior to bankruptcy, In re Watts-Woodward Press, 2 Cir., 181 F. 71; Westinghouse Electric & Mfg. Co. v. Brooklyn R. T. Co., 2 Cir., 263 F. 532, 537; Skilton v. Codington, 185 N.Y. 80, 77 N.E. 790, 113 Am.St.Rep. 885, but that well-settled rule does not militate against our conclusion here.

In our judgment, Benedict v. Zutes, supra, does not follow the theory of the New York lien law, which, as has been repeatedly said, is designed to afford fair notice of the lien to prevent misleading of creditors or purchasers. Mack v. Phelan, 92 N.Y. 20; Thompson v. Van Vechten, 27 N.Y. 568, 582, 583; Lewis v. Palmer, 28 N.Y. 271. And it is out of line with such authorities as those holding that a creditor whose lien attached during the validity of a prior mortgage may not later attack the mortgage on the ground that it was not subsequently refiled under the terms of the statute. Meech v. Patchin, 14 N.Y. 71; Manning v. Monaghan, 28 N.Y. 585. It places a quite arbitrary burden on the mortgagee, while it bestows entirely undeserved benefit on other creditors. The trustee is originally charged with notice of the lien as of the date of the petition, and does not need a regularly renewed warning that the mortgage is undischarged, as do ordinary creditors. Mack v. Phelan, supra. Nor do creditors need any further protection, since the possession of the trustee and court is open and notorious; and refiling thereafter could have no more than a ceremonial effect. In re Lake County Fuel & Supply Co., supra, 70 F.2d at page 392.

What rights conferred by New York law on creditors and subsequent purchasers are transferred to the bankruptcy trustee is and must be left to the Bankruptcy Act. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198; Commercial Credit Co. v. Davidson, supra; Janney v. Bell, 4 Cir., 111 F.2d 103, 108. Because of this, because, moreover, we do not think the single New York decision cited above correctly states the New York law, we do not feel there is anything in Fidelity Union Trust Co. v. Field, 311 U.S. ——, 61 S.Ct. 176, 85 L. Ed. ——, and its companion cases (West v. American Telephone & Telegraph Co., 311 U.S. ——, 61 S.Ct. 179, 85 L.Ed. ——; Six Companies of California v. Joint Highway Dist. No. 13, 311 U.S. ——, 61

S.Ct. 186, 85 L.Ed. ——) which requires us to follow that decision against other precedents and our reasoned conclusions.

For these reasons, the order of the court below is affirmed.